### In re RUNKLE.

(Circuit Court, S. D. New York. November 23, 1903.)

1. DEFRAUDING UNITED STATES—POSTAL FRAUD—SUFFICIENCY OF INDICTMENT.
   An indictment charging that defendant, a contractor, conspired with certain postal officials, one of whom was charged with the duty of procuring supplies through contracts let after advertisements or in open market at reasonable prices, to defraud the United States by having let to him a contract without competition, at exorbitant prices, for articles for which there was no immediate necessity, in pursuance of which conspiracy the articles were purchased from defendant thereafter, and the voucher approved by one of the officials, is sufficient to charge an offense under Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], providing that if two or more persons conspire to defraud the United States in any manner or for any purpose, and one of them do any act to effect the objects of the conspiracy, all shall be liable to a penalty, etc.

2. ARREST OF PRISONER IN OTHER DISTRICT—EXAMINATION BEFORE COMMISSIONER—INDICTMENT AS PRIMA FACIE CASE.
   An indictment charging on its face an offense against the government constitutes a prima facie case on an examination before a United States commissioner after accused's arrest in a district other than that in which the indictment is found, as authorized by Rev. St. § 1014 [U. S. Comp. St. 1901, p. 716].

This matter comes up on writs of habeas corpus and certiorari directed to the marshal of the district who has the petitioner in custody under a warrant for removal issued by a District Judge of this district directing his removal from the city of New York to Washington, D. C., to plead to an indictment.

Morris H. Hayman and Franklin Bien, for the motion.
H. A. Wise, Asst. U. S. Atty.

¶ 2. See Criminal Law, vol. 14, Cent. Dig. § 510.

LACOMBE, Circuit Judge. The petitioner, with two other persons, Machen and McGregor, was indicted by the grand jury in Washington for a violation of section 5440, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3676], which reads as follows:

"If two or more persons conspire either to commit any offense against the United States or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars or to imprisonment for not more than two years, or to both fine and imprisonment in the discretion of the court."

Upon an affidavit to the effect that such an indictment had been found, and a certified copy of the indictment, a warrant was issued by the United States commissioner for this District under section 1014, Rev. St. U. S. [U. S. Comp. St. 1901, p. 716], for the apprehension of the petitioner. Thereupon he was arrested and arraigned before the United States commissioner, and demanded an examination. The prosecution offered in evidence a duly exemplified and certified copy of the indictment, and, having secured an admission that the prisoner was the person mentioned in said indictment, rested.

The defendant moved to dismiss the complaint on the ground that it "appears upon the face thereof the defendant was not guilty of any offense that will warrant an indictment." He contended that the indictment could not be considered to be evidence of the commission of the offenses charged therein, and demanded that the prosecution produce the witnesses specified in the indictment for the purpose of cross-examination. Defendant, however, introduced no evidence whatsoever, and offered to introduce none, on his own behalf. The commissioner thereupon overruled defendant's objections, and refused to require the prosecution to produce the witnesses specified in the indictment. The subsequent disposition of the case has been stated supra.

Counsel for the petitioner now contends that the indictment fails to allege any crime or act against the defendant, Runkle. It does allege that at certain times therein specified one Machen was an officer of the United States, to wit, superintendent of free delivery; that he occupied a position of trust in the Post Office Department, and that during such period he was, among other things, charged with the duty of letting contracts for postal supplies and approving vouchers for the payment therefor; that one McGregor was, during the period aforesaid, an officer of the United States, to wit, a clerk, and assigned to assist Machen; that during the period aforesaid Runkle, the petitioner, was a contractor desirous of furnishing articles and supplies to the department of which Machen was superintendent; that it was Machen's duty to procure such articles through contracts let after advertisement, except in emergencies, and then to procure the same in the open market, at reasonable prices. It further charges that Machen, McGregor, and Runkle on a day certain, at the District of Columbia, unlawfully conspired to defraud the United States by letting to said Runkle a contract without competition, at exorbitant prices, for articles for which there was no immediate necessity, and that in pursuance of such conspiracy such

articles were purchased from Runkle thereafter, and as an overt act in such conspiracy Machen approved the voucher for the payment of money to said Runkle for articles purchased as aforesaid.

The above averments are set forth at great length, with a multitude of words, and conformably to the archaic methods of preparing criminal pleadings which still prevail, but nevertheless careful examination and analysis show that these averments were specifically and positively made. They certainly charge an offense within the language of the section quoted, and if the averments be considered as truthful statements of fact they sufficiently indicate that the petitioner is an offender against its provisions.

As to the effect of the indictment when presented as evidence of the facts it recites, the practice in this district has been uniform for many years. Judge Brown in Re Dana (D. C.) 68 Fed. 886, after reviewing very many earlier decisions, says:

"The above are the only cases I have found in which the effect of an indictment as evidence is considered. According to them an indictment in another district was admissible as prima facie evidence, is not conclusive, and cannot shut out evidence of the defendant to show that no offense was committed by him within the district to which removal is sought."

The attention of the court has been called to no case requiring any modification of this conclusion. The prima facie case made out by the indictment, considered as evidence, has not been rebutted or traversed by any evidence whatsoever presented on behalf of the petitioner. Therefore, in accordance with the uniform practice in this district, the commissioner properly held him, and the District Judge properly issued the warrant for his removal.

The writs are dismissed.