UNITED STATES v. BARBER et al.

(District Court, W. D. Wisconsin. December 18, 1907.)

**1. CRIMINAL LAW—REMOVAL OF PRISONERS FOR TRIAL—INDICTMENT—CERTIFIED COPY—PROBABLE CAUSE—PRIMA FACIE CASE.**

In a proceeding for the removal of prisoners indicted in the district of Idaho from the district of Wisconsin for trial, a certified copy of the indictment is sufficient to make out a prima facie case of probable cause.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 510.]

**2. CONSPIRACY—INDICTMENT—OVERT ACTS—LIMITATIONS.**

Where an indictment for conspiracy to defraud the United States in violation of Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], alleged the formation of the conspiracy on September 1, 1901, and that on April 10, 1905, within the period of limitation, defendants, in furtherance of the conspiracy and to carry out and effect its object, performed certain overt acts specified, each being alleged to have taken place within three years prior to the indictment, the indictment sufficiently charged that the original conspiracy was continuously in existence, and was not defective as indicating that the overt acts only, and not the conspiracy, had been committed within three years, though it did not in terms allege a new or renewed conspiracy.

**3. INDICTMENT—CONSTRUCTION.**

In construing an indictment, reasonable implication from facts clearly alleged may be properly made in determining the true meaning of the accusation, the indictment being sufficient if it apprises defendant of what he must be prepared to meet, and defines the offense with sufficient accuracy to bar a subsequent prosecution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, § 310.]

Wm. G. Wheeler, U. S. Atty., and S. H. Rush, Special Asst. U. S. Atty.

Bundy & Wilcox, for defendants.

QUARLES, District Judge. This is a proceeding under section 1014, Rev. St. [U. S. Comp. St. 1901, p. 716]. I am asked to issue a warrant for the removal of the defendants to the district of Idaho, where an indictment has been found against them. By writ of habeas corpus the defendants have been brought before me. The record is brought up in response to a writ of certiorari. At the same time the government makes a formal motion for the removal of the defendants. It appears by the record that a preliminary examination was held before a commissioner of this court, who found the existence of probable cause, and held the defendants to bail for their appearance. It appears that the only evidence offered by the government at such preliminary hearing was a certified copy of the indictment, with certain evidence of identification, and it appears to have been stipulated that the defendants were not fugitives from justice.

The first contention of the defendants is that they have not had such a preliminary examination as comports with the Wisconsin law, and therefore not such as is contemplated by the Act of Congress. On the strength of Wisconsin authorities, it is contended that the copy of the indictment is not evidence to warrant the committing magistrate to bind the defendants over, and the discharge of the defendants is demanded on that ground. This contention is unsound and must be overruled upon the authority of Hyde v. Shine, 199 U. S. 84, 25 Sup. Ct. 760, 50 L. Ed. 90, where it is definitely held that the certified copy of the indictment is sufficient to make out a prima facie case of probable cause.

Second. The second proposition involves the sufficiency of the indictment. There is but one conspiracy laid, and that is alleged to have been formed on the 1st day of September, 1901. All of the overt acts set out are expressly referred to the original conspiracy. There is no specific averment of the formation of a new conspiracy, or of a renewal of the original conspiracy within the period of limitation. The contention of the defendants is that as the crime charged by section 5440, Rev. St., consists, not of the conspiracy and the overt act, but of the conspiracy alone, this indictment is defective for lack of suitable averments setting out an indictable conspiracy; that it is not good pleading to graft an overt act upon a conspiracy that has been barred by the statute of limitations. The attorneys for the government, on the other hand, call attention to the fact that this conspiracy is alleged to have been during all the dates named in the indictment "continuously in process of execution," and that conscious participation of the defendants in such unlawful scheme within three years meets the requirements of the law. The questions here raised must be resolved in the light of the authorities bearing upon the subject.

In United States v. Brace (D. C.) 149 Fed. 876, the court held that the clause, "was continuously in process of execution," is not equivalent to an averment of a new conspiracy to defraud, but simply in effect an allegation that the original conspiracy was never abandoned, and was in continuous operation thereafter, until the date of the last overt act set out. It is well settled that, where overt acts are continued after the original conspiracy has been barred, the jury is warranted in inferring therefrom the existence of a new conspiracy, and the pleader

is authorized upon such a state of facts to aver the existence of a new or renewed conspiracy; and in many cases similarly situated, as in United States v. Greene (D. C.) 146 Fed. 889, and Ware v. United States (C. C. A.) 154 Fed. 578, the indictment contains an averment of a new conspiracy. Therefore there is here sharply presented the question whether the absence of such averment of a new or renewed conspiracy is fatal to the indictment. This is purely a question of pleading, and may be called a technical question in the light of the following authorities.

In United States v. Clark, 37 Fed. 107, Justice Brewer, then circuit judge, said:

"I can have no doubt that he [defendant] was fully informed as to the charge against him, and not in the slightest degree misled. I am fully aware that there are authorities which do not concur with this view, and yet I think those authorities adhere too closely to the rigor and technicality of the old common-law practice which, even in criminal matters is yielding to the more enlightened jurisprudence of the present—a jurisprudence which looks evermore at the matter of substance and less at the matter of form."

This case is cited with approval in Rosen v. United States, 161 U. S. 32, 16 Sup. Ct. 434, 40 L. Ed. 606.

In Dunbar v. United States, 156 U. S. 191, 15 Sup. Ct. 325, 39 L. Ed. 390, and Evans v. United States, 153 U. S. 587, 14 Sup. Ct. 934, 38 L. Ed. 830, the test applied to the indictment was whether it was sufficiently certain to inform the defendant of the exact nature of the crime charged, and to protect him from a second prosecution for the same offense. In Cochran v. United States, 157 U. S. 290, 15 Sup. Ct. 628, 39 L. Ed. 704, the court say:

"Few indictments are so skilfully drawn as to be beyond the hypercriticism of astute counsel, few might not be made more definite by additional allegations. But the true test is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

In Ex parte Pierce (C. C.) 155 Fed. 665, the court say:

"Whatever may have been the high degree of certainty required in framing indictments at common law, it is now settled that refinements and technicalities must yield to substantial things. The criterion for judging of the sufficiency of an indictment is whether the words employed make the charge clear to the common understanding."

I have no doubt that in construing an indictment reasonable implications from facts clearly alleged may be properly made in determining the true meaning of the accusation.

Now, applying these principles to the present case, there can be no doubt that the indictment as framed clearly indicates to the accused the nature of the offense with which they are charged, namely, that within the period of limitation they did "unlawfully, falsely, fraudulently, and corruptly, in furtherance of the alleged conspiracy, and to carry out and effect the object thereof" perform certain overt acts, as for instance, that "on the 10th day of April, 1905, they did cause and procure the said George S. Long to execute and deliver to the

Barber Lumber Company a deed purporting to convey and conveying to said Barber Lumber Company the land described in the respective applications and written sworn statements which had theretofore been conveyed to said Long," etc. And so with each of the overt acts alleged to have taken place within three years. It is equally apparent that the averments of the indictment are sufficiently definite and certain to protect the defendants against a second accusation for the same offense. In other words, the indictment seems to meet these two primary tests which the law imposes. If the law is correctly laid down in Ware v. United States (C. C. A.) 154 Fed. 578, it is the existence of the conspiracy rather than its formation which is the material fact, and that the conscious participation by the defendant within three years in an existing conspiracy makes it a crime within the purview of section 5440, without regard to the time when the unlawful combination was in fact formed. This case may be said to be an innovation in the law, but it is a well-reasoned and instructive case.

Applying this doctrine to the instant case, we have an original conspiracy in 1901, alleged to have been continuously in process of execution until the last overt act charged. This is equivalent to a charge that the original conspiracy was during all such times continually in existence; that, having been undertaken in 1901, it had not been abandoned, but continued to exist; that it had, by the sanction of the defendants, been brought forward as a continuing agreement, and actively promoted and effectuated by the defendants within such later period. The strict canons of pleading may well require in such case a distinct specific averment of an indictable conspiracy, because the crime created by section 5440 consists of the conspiracy alone, and strictly the conspiracy relied upon for a conviction should be specifically set out. But the Supreme Court has several times held that in proceedings of this kind the district judge ought not to pass upon technical questions as to the sufficiency of the indictment, but should refer them to the court where the indictment is pending. Beavers v. Henkel, 194 U. S. 87, 24 Sup. Ct. 605, 48 L. Ed. 882. The District Court in Idaho now has before it this very question for solution. Under all the circumstances I feel constrained in this summary proceeding involving only the question of probable cause to hold that the indictment is sufficient to warrant the removal of the defendants to the court of original jurisdiction, where the questions of pleading may receive fair and deliberate consideration.

By stipulation between the parties, the legal questions involving the sufficiency of the indictment were to be first submitted and determined. The defendants reserved the right, if the decision of the district judge was adverse to them on the questions of law, to offer certain evidence bearing upon the question of removal. This opinion, therefore, is not intended to preclude the defendants from the privilege so reserved.