## CHARLIE WONG v. ESOLA, U. S. Marshal.

(Circuit Court of Appeals, Ninth Circuit. June 29, 1925.)

No. 4508.

1. **Habeas corpus ⊚⟹4, 92(1)—Writ cannot be used as substitute for writ of error.**

Habeas corpus cannot be used as substitute for writ of error, and in such proceeding weight of evidence on question of probable cause as basis for order of removal to another district will not be looked into.

2. **Criminal law ⊚⟹242(5) — Indictment is prima facie evidence of probable cause for removal.**

Indictment is prima facie evidence of probable cause for removal.

3. **Names ⊚⟹18—An inference of defendant's identity warranting removal may be drawn from identity of name.**

An inference of defendant's identity, warranting removal to another district for trial, may be drawn from identity of name.

4. **Habeas corpus ⊚⟹111(1)—Defects in arrest or commitment not grounds for discharge on habeas corpus, if sufficient ground for detention is shown.**

In habeas corpus proceeding to review order for removal, defendant will not be discharged because of defects in arrest or commitment, if on hearing government shows sufficient grounds for detention.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Habeas corpus proceeding and certiorari by Charlie Wong to review order directing his removal to another federal district, pursuant to which he was held by Fred L. Esola, as United States Marshal. From an order of dismissal, petitioner appeals. Affirmed.

Frank J. Hennessy, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. This is an appeal from an order passed by the District Court for the Northern District of California, Southern Division, dismissing writs of habeas corpus and certiorari sued out by appellant to review an order passed directing his removal to the Western district of Washington, Southern division, there to answer to an indictment charging him with conspiracy to violate the Act of Congress of May 26, 1922 (Comp. St. Ann. Supp. 1923, §§ 8800–8801g), and also with a violation of the Act of Congress of December 17, 1914 (Comp. St. §§ 6287g–6287q).

[1] No question is raised as to the sufficiency of the indictment, but it is contended that the order of removal is erroneous, because there was no showing of probable cause as to the guilt of appellant, and no evidence of his identity with the defendant named in the indictment. It has been repeatedly held that a writ of habeas corpus is no substitute for a writ of error. Rodman v. Pothier, 264 U. S. 399, 402, 44 S. Ct. 360, 68 L. Ed. 759.

On habeas corpus the court will not look into the weight of evidence on probable cause as the basis for an order of removal. "Upon this writ the point to be decided is whether the judge who made the order for the removal of the defendants had jurisdiction to make it, and, if he had, the question whether upon the merits he ought to have made it is not one which can be reviewed by means of the writ of habeas corpus." Greene v. Henkel, 183 U. S. 249, 261, 22 S. Ct. 218, 223 (46 L. Ed. 177).

There are some exceptions to the above rule, which are pointed out in Henry v. Henkel, 235 U. S. 219, 228, 35 S. Ct. 54, 59 L. Ed. 203; but this case is not within the exceptions. The question arising on this appeal is whether there was any evidence of probable cause and any evidence of identity.

[2] An indictment found by a grand jury constitutes a prima facie showing of probable cause. Beavers v. Henkel, 194 U. S. 73, 85, 24 S. Ct. 605, 48 L. Ed. 882; Hyde v. Shine, 199 U. S. 62, 84, 25 S. Ct. 760, 50 L. Ed. 90; U. S. v. Yarborough (D. C.) 122 F. 293, 297; In re Runkle (C. C.) 125 F. 996,

998; In re Benson (C. C.) 130 F. 486, 487; Pereles v. Weil (D. C.) 157 F. 419, 420; U. S. v. Barber (D. C.) 157 F. 889, 890. We cannot say that this prima facie showing was overcome by the petitioner's denial of guilt. Ex parte Ryan (C. C.) 154 F. 217.

[3] It was admitted on the hearing before the commissioner that Charlie Wong was the name of petitioner. It was stipulated that the proceedings before the commissioner should be treated as testimony taken in the District Court. Charlie Wong is one of the defendants in the indictment found in the Western district of Washington. An inference of identity of person may be drawn from identity of name. State v. Le Pitre, 54 Wash. 166, 169, 103 P. 27, 18 Ann. Cas. 922, 923; People v. Rolfe, 61 Cal. 540, 543; Garrett v. State, 76 Ala. 18, 22; Woods v. State, 133 Ala. 165, 31 So. 984; State v. Herren, 173 N. C. 801, 92 S. E. 596; State v. Court, 225 Mo. 609, 125 S. W. 451, 453; State v. Kilmer, 31 N. D. 442, 153 N. W. 1089, Ann. Cas. 1917E, 116, 118; 10 R. C. L. 877. We cannot say, as a matter of law, that this inference is rebutted by petitioner's testimony that he is not the party named in the indictment.

It is also to be said that there was evidence in the District Court on the habeas corpus hearing that petitioner had received a telegram in cipher from Harry Tom, one of the other defendants to the indictment. This telegram was sent from Aberdeen, Wash., where the conspiracy is charged to have been entered into, and its date is identical with that of four of the overt acts alleged in the indictment.

[4] It is contended by appellant that the testimony taken at the hearing on habeas corpus should not be considered. The office of a habeas corpus proceeding is to ascertain whether the prisoner can be lawfully detained. He will not be discharged because of defects in the arrest or commitment, if at the hearing on habeas corpus the government shows sufficient ground for his detention. Nishimura Ekiu v. U. S., 142 U. S. 651, 662, 12 S. Ct. 336, 35 L. Ed. 1146; Iasigi v. Van de Carr, 166 U. S. 391, 394, 395, 17 S. Ct. 595, 41 L. Ed. 1045; Stallings v. Splain, 253 U. S. 339, 343, 40 S. Ct. 537, 64 L. Ed. 940. The telegram above referred to is a part of the record proper to be considered on this appeal.

The record amply supports the jurisdiction of the District Court to pass the order appealed from, and this order is affirmed.