### PIZZITOLO v. UNITED STATES.[*]
### No. 6652.

Circuit Court of Appeals, Fifth Circuit.
April 29, 1933.

Robert B. Todd, of New Orleans, La., for appellant.

Edmond E. Talbot, U. S. Atty., and William H. Norman, Asst. U. S. Atty., both of New Orleans, La.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

Appellant was convicted of the unlawful possession and transportation of intoxicating liquor, and complains because the liquor was taken out of his automobile by prohibition agents who had no search warrant. The agents testified that they made the search and seizure without a warrant under the following circumstances: Their superior officer had furnished them with a description and license numbers of several automobiles which he said were being used to deliver liquor; told them the drivers of the automobiles obtained orders for liquor from a certain garage, then went to a storage place and got the liquor, and from there to the places where they intended to make deliveries. On this oc-

*Rehearing denied June 9, 1933.

casion appellant parked his car and went into the office of the garage, came out, got into his automobile, and drove to his home. The agents followed him, waited near his home until he came out. Appellant in a few minutes drove off in his car; as he did so he recognized the agents and turned into a side street. At the next corner he was driving so fast that his car turned over. The officers drove back to appellant's house and waited for him to return. He came in the back way; about that time they heard that his car had turned over, and went to it where they found the liquor. There cannot be any doubt that under these circumstances the prohibition agents had the right without a warrant to search appellant's automobile. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

The judgment is affirmed.