## SMITH v. UNITED STATES.
### No. 8511.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1937.

Fred Patterson, of Honolulu, T. H., for appellant.

Ingram M. Stainback, U. S. Atty., and Willson C. Moore and J. Frank McLaughlin, Asst. U. S. Attys., all of Honolulu, T. H., and H. H. McPike, U. S. Atty., and Robert L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court for the Territory of Hawaii discharging a writ of habeas corpus.

The situation disclosed by the petition for the writ and by the record is that one Grace E. Smith was indicted, with others, by the grand jury for the Southern District of California for conspiring to violate the Mann White Slave Traffic Act (section 2, 18 U.S.C.A. § 398) ; 18 U.S.C.A. § 88. The indictment, set out in the record at pages 91 to 94, does not allege that the conspiracy was formed in the Southern District of California, nor does it allege any venue to the conspiracy. It does recite, however, various overt acts, including the following:

" * * * In pursuance of, and in furtherance of, in execution of, and for the purpose of carrying out and to effect the object, design and purposes of said conspiracy, combination, confederation and agreement aforesaid, the hereinafter named defendants did commit the following overt acts at the hereinafter stated places:

" * * * 7. That on or about the 27th day of August, 1936, defendant Grace E. Smith telephoned defendant Ann Boyd from Honolulu, Territory of Hawaii to Los Angeles, California."

The petitioner, Grace E. Smith, was never, at any time material to this case, present in Southern California. Subsequent to the filing of the indictment she was arrested on a fugitive warrant in Hawaii. The government then applied for a bench warrant, the purpose of which was to remove her to California. Hearing was had and the warrant issued. It is by virtue of this bench warrant that the petitioner is restrained of her liberty.

Her petition for habeas corpus is based on the claims (1) that the indictment does not state an offense, particularly not one within the Southern District of California; and (2) that she has not been identified as the Grace E. Smith mentioned in the indictment.

1. The objection to the indictment is, first, that it fails to state where the conspiracy was formed. There is no merit in this contention. The telephone from Honolulu to Los Angeles brings the conspiracy both within the Territory of Hawaii and the Southern District of California. An overt act is more than evidence of a conspiracy. It is a part of the conspiracy itself, and where, as here, it is alleged as occurring in the Territory and in California, it is sufficient to make it an offense within the statute, even though the indictment had stated that the place in which the conspiracy was formed is unknown. Hyde v. U. S., 225 U. S. 347, 360, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614; Brown v. Elliott, 225 U.S. 392, 400, 32 S.Ct. 812, 56 L.Ed. 1136. A conspirator may be tried either at the place where the conspiracy is hatched or where the overt act is committed. Hyde v. U. S., supra, 225 U.S. 347, 360, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914A, 614; Grigg v. Bolton (C.C.A.9) 53 F.(2d) 158, 159.

In this case an overt act was committed in California by petitioner telephoning there from Honolulu. It is not necessary that a defendant be physically within a jurisdiction to do a criminal act there. In Hyde v. U. S., supra, the defendant was held indictable for conspiracy in the District of Columbia on the strength of his conspiring in California to commit a crime and by way of overt act, mailing a letter from California to the District of Columbia.

28 U.S.C.A. § 103 provides: "When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein."

Appellant contends that the making of the telephone call from Honolulu to Los Angeles is too innocent an act to be an "overt act" under the conspiracy statute. There is no merit to this argument. Any act without criminal purpose is usually innocent. If the telephone call was in furtherance of the conspiracy, as alleged in the indictment, it was clearly a criminal act within the phrase of 18 U.S.C.A. § 88: "And one or more of such parties do any act to effect the object of the conspiracy."

2. Appellant contends she was not properly identified as the Grace E. Smith mentioned in the indictment. At the hearing for the bench warrant, one Taylor, an agent of the Department of Justice, testified that he had investigated the case and had arrested this defendant, and that she was the person mentioned in the indictment. He does not tell how he knows she is the person mentioned.

There is authority that the only question to be reviewed by the trial court in a habeas corpus proceeding such as the one before the District Judge in this case, is whether the judge making the order of removal had jurisdiction to make it. Charlie Wong v. Esola (C.C.A.9) 6 F.(2d) 828, 829. Assuming, however, his actions are subject to review for claim of error, the rule is that he must have probable cause to believe a crime has been committed by the person in custody. An indictment is sufficient to show probable cause that a crime has been committed. Charlie Wong v. Esola, supra. An identity of names is sufficient to create an inference of identity which the petitioner must rebut. Charlie Wong v. Esola, supra. Not only has petitioner not rebutted the inference in this case, but the testimony of Taylor, plus the presence of this petitioner in Honolulu, strengthens the inference and fully justifies the District Judge in issuing the bench warrant.

The bench warrant is therefore a lawful restraint of petitioner, and the discharge of the writ of habeas corpus should be affirmed.

Affirmed.