**UNITED STATES of America,**
**Plaintiff,**

v.

**Gilbert C. RODRIGUEZ, Jr., Defendant.**

**Cr. No. 17857.**

United States District Court
S. D. Texas,
Laredo Division.

April 1, 1960.

William B. Butler, U. S. Atty., Houston, Tex., and Charles L. Short, Asst. U. S. Atty., Laredo, Tex., for plaintiff.

Clyde W. Woody, Houston, Tex., for defendant.

CONNALLY, District Judge.

The defendant Gilbert C. Rodriguez, Jr. is a native born American citizen, residing in Houston, Texas. On January 20, 1956, he was convicted in this Court of unlawfully acquiring marihuana in violation of § 4744(a), Title 26, U.S.C.A., by reason of which he has served a period of confinement of four years.

Presently Rodriguez is charged with a violation of § 1407, Title 18, U.S.C.A., in that, being a citizen previously convicted of the unlawful acquisition of marihuana, and thus being a person required to register his departure from the United States, he failed so to register when he departed the United States for Mexico through the port of Laredo, Texas, on July 25, 1959.[1] Trial was to the Court.

There is no doubt that in fact the defendant violated the statute as alleged. There are questions, however, as to the sufficiency and the validity of the evidence offered by the United States in undertaking to prove his guilt. I find the evidence amply sufficient,[2] as indicated below, and find the defendant guilty as charged on each count.

The facts are these. On June 19, 1959, a Supervising Customs Agent stationed in Laredo returned thereto after a period of official service in Houston. He advised his subordinate agent that he had information to the effect that the defendant Rodriguez (who was known to the Customs Service by reason of his prior conviction) was expected to make a trip to the border, and into Mexico, in the near future, for the purpose of acquiring marihuana. He gave the subordinate agent a description of the vehicle that Rodriguez was expected to use. Pursuant thereto, the officers at the International Bridge were placed on lookout for Rodriguez.

Rodriguez made a trip into Mexico through Laredo on July 25, 1959, and returned through the same port August 1, 1959. He did not register, as one convicted under the narcotics and marihuana statutes is required to do. He was not detected by the Customs agents at that time, and apparently was passed with the casual inspection afforded to most returning tourists. He did, however, make a customs declaration on his return, reflecting the purchase of certain merchandise in Mexico, which was to follow him into this country. A copy of this declaration was given to Rodriguez.

The defendant made another trip from Houston to Laredo, and thence into Mexico, and returned on or about September 18, 1959. On this occasion he did register as a previously convicted narcotics violator. On crossing the International Bridge on his return, and registering for re-entry, he was permitted to proceed. Immediately thereafter, the Customs agents learned of the fact that a lookout for Rodriguez had been in effect since June 19, 1959. Thereupon, other Customs officers were contacted at a check point some twenty miles from Laredo on the highway, and on reaching that spot Rodriguez was detained. He was returned to the Customs office at Laredo and searched, the agents having in mind the information imparted to them by the Supervising Customs Agent in June, and not then being aware of the intervening trip in July. No narcotics were found in the defendant's possession; but his retained copy of his Customs declaration of August 1, 1959, came to light. The information disclosed by this copy,

---

1. The indictment is in two counts, the first charging failure to register on departure, and the second charging an attempt to enter without registering.

2. The defendant did not testify. and offered no evidence.

of course, was available to the Customs agents from their own files, although it had not come to their attention. While the agent who was making the search was in the process of telephoning to other agents to ascertain whether Rodriguez had registered on the occasion of his return on August 1, 1959, the defendant volunteered the information that he had in fact made the trip, and had not registered on that occasion. Thereupon, the defendant was placed under arrest and charged with this violation.

The foregoing occurred in the late afternoon of Friday, September 18, 1959. He was lodged in jail overnight, and an effort made to locate the only United States Commissioner the following morning. The Commissioner was unavailable, and during the afternoon of Saturday, September 19, 1959, the defendant was taken before a Municipal Judge, the only magistrate then available.

The defendant contends that the Government has failed to make adequate proof of each of the essential elements of the charge against him; he argues that there is no sufficient proof of the corpus delicti, and that the defendant's admission may not be received under the McNabb and Mallory rule (McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479).

■ The defendant's citizenship was proved by the introduction into evidence of a certified copy of birth certificate reflecting the birth of Gilbert Rodriguez, Jr., in Houston, Texas, on July 22, 1930. The prior conviction was shown by the introduction into evidence of a certified copy of the Final Judgment and Sentence of this Court, sitting at Houston, Texas, showing the conviction and sentence of Gilbert C. Rodriguez on January 20, 1956. The defendant contends that the identity of names is not sufficient; and that some further evidence, such as the testimony of an identifying witness, fingerprints, etc., is required to show that the defendant now before the Court is in fact the Gilbert C. Rodriguez referred to in the documents. In the absence of any testimony or circumstance tending to indicate to the contrary, the identity of the name is sufficient to prove that the defendant is in fact the party named in these documents (Smith v. United States, 9 Cir., 92 F.2d 460; Charlie Wong v. Esola, 9 Cir., 6 F.2d 828).

The fact that the defendant departed from and returned to the United States on the July 25–August 1 visit is reflected by the fact that an individual by this name, giving his address as 2419 Gano St., Houston, Texas, completed and filed with the Customs Service the Customs forms referred to above. The fact that such individual did not register is proved by testimony of Customs agents that they had made a diligent search of the appropriate records, and found no registration.

■■ The defendant argues, that if this evidence be true, still it is possible some other individual by the name of Gilbert C. Rodriguez, living in Houston, Texas, may have been the party concerned; or, if the defendant in fact is shown to have been the traveler on that occasion, conceivably he might have registered at some other port of entry. But the proof which must be offered of the corpus delicti, independent of the defendant's admissions, need not negative every such possibility. It is sufficient if there be substantial evidence tending to show the violation alleged (Forte v. United States, 68 App.D.C. 111, 94 F.2d 236, 127 A.L.R. 1120; United States v. Ansani, D.C., 138 F.Supp. 454, and cases cited in these opinions). The evidence of this nature mentioned above amply satisfies this requirement; and when coupled with the defendant's admission is conclusive proof of his guilt.

■ Customs officers in the performance of their duties are authorized to search persons and vehicles entering the country without the necessity of securing a warrant (§ 482, Title 19, U.S. C.A.). The search thus authorized is of the broadest possible scope (§ 1581–1582,

Title 19 U.S.C.A.; United States v. Michel (United States v. King) D.C., 158 F.Supp. 34, affirmed 5 Cir., 258 F. 2d 754, certiorari denied 359 U.S. 939, 79 S.Ct. 652, 3 L.Ed.2d 639). No authority has been cited to the effect that this right to search is restricted to the immediate vicinity of the international border; nor do I conceive it to be the law that, where the suspect may momentarily escape detection and pass safely through the first Custom's check, he is immune from further interrogation or examination by Customs officers within a matter of minutes thereafter (Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543). I am of the view that the information transmitted to the arresting officers in June, to the effect that this defendant was expected to make a trip to the border for the purpose of acquiring narcotics, constituted probable cause for his detention and search in September of the same year (Pizzitolo v. United States, 5 Cir., 64 F.2d 680). Particularly is this true where it is common knowledge (at least to those of us who through duty or choice have considerable familiarity with the narcotic traffic) that the Mexican border immediately opposite the city of Laredo, Texas, is a prolific source of illegal narcotics, and that large quantities are smuggled through that port daily (Carroll v. United States, supra).

The defendant's statement admitting his guilt was voluntary in every respect. The authorities upon which the defendant relies simply proscribe the admission into evidence of statements secured by' the arresting officers following long interrogation, and after opportunity for arraignment before a magistrate had not been availed of. While, as the defendant points out, almost a day elapsed after the arrest before he was arraigned, this delay in no sense produced the statement. It was forthcoming from the defendant without his having been questioned, and before the officers had considered the defendant to be under arrest.

The search was not unreasonable, and was lawful; and the evidence which it disclosed was not rendered inadmissible.

Further, the copy found in the defendant's possession was not a necessary element in the Government's case.

The defendant is guilty on both counts. Clerk will notify counsel.