**UNITED STATES of America**

v.

**Harry HIMLER, Jr., Appellant.**

**No. 86–3371.**

United States Court of Appeals,
Third Circuit.

Submission Date Aug. 1, 1986.

Decided Aug. 6, 1986.

George E. Schumacher, Federal Public Defender, Thomas S. White, Asst. Federal Public Defender, Pittsburgh, Pa., for appellant.

J. Alan Johnson, U.S. Atty., Constance M. Bowden, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

Before GIBBONS, STAPLETON and MANSMANN, Circuit Judges.

### OPINION OF THE COURT

MANSMANN, Circuit Judge.

In this appeal from a detention order entered by the district court, we must consider whether, under the Bail Reform Act of 1984, an accused taken into custody may be detained prior to trial based on danger to the community where the detention hearing was justified only by an alleged serious risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A).

The district court ordered that the defendant be detained prior to trial because

of the danger of the defendant's recidivism in crimes involving the use of fraudulent identification. We hold that this is not the type of danger to the community which will support an order of detention under the Bail Reform Act of 1984. Because we also find that this record will not support a finding that no conditions of release will guarantee the defendant's appearance in court, we will reverse the order of the district court.

## I.

On May 7, 1986, a criminal complaint was filed charging Harry Joseph Himler, Jr. with crimes involving the production of a false identification document, namely, an international driving permit. At the defendant's initial appearance the government requested a surety bond in the amount of $25,000. Upon being informed that there was an outstanding Florida warrant for the defendant's arrest as well as a detainer lodged against him by the Pennsylvania Department of Probation and Parole, the magistrate ordered that the defendant be detained. Temporary detention under such circumstances is authorized by statute in order to give other officials time to take a defendant into custody. 18 U.S.C. § 3142(d) (Supp. II, 1985).

At a preliminary examination on May 14, 1986, the magistrate found probable cause to believe that the defendant had produced false identification while processing an application to replace allegedly lost travelers checks. The government moved for a detention hearing pursuant to 18 U.S.C. § 3142(f) asserting the risk that the defendant would flee.

Based on the evidence presented at the hearing on May 19, 1986, the magistrate found that in 1981 the defendant had been convicted of larceny in Ohio and had been released on two and one-half years probation. The magistrate also found that at the time of the offense currently charged the defendant was on probation from a conviction of multiple counts of possession of false identification. These findings, combined with evidence of the circumstances leading to the current charges, led the magistrate to conclude that the defendant's considerable experience in adopting a false identity posed a serious risk of flight as well as the danger that he would continue to engage in similar criminal activity. Therefore, the magistrate ordered that the defendant be detained pending trial.

The defendant filed a motion for review of the detention order pursuant to 18 U.S.C. § 3145(b). At a *de novo* detention hearing on June 3, 1986, the district court found that at the time of the alleged offense the defendant was on probation from convictions of grand theft in Ohio and of unlawful use of credit cards and unlawful possession of forged or counterfeited driver's licenses in Florida. The court also found that there was an outstanding arrest warrant for the defendant on charges of grand theft in Florida. These findings, together with evidence supporting the current charges, led the district court to conclude that the defendant's release on conditions would not assure the safety of the community. Unlike the magistrate, the district court made no finding regarding risk of flight.

The defendant appeals the detention order, arguing that the Bail Reform Act of 1984 does not authorize his detention based on the danger that he will continue to use false identification to defraud the community.

## II.

The hallmark of the Bail Reform Act of 1984 is its requirement that an arrested person be admitted to bail only under conditions which will "reasonably assure both the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(b), (c) (Supp. II, 1985).

The 1984 Act marks a radical departure from former federal bail policy. Prior to the 1984 Act, consideration of a defendant's dangerousness in a pretrial release decision was permitted only in capital cases. *See* Bail Reform Act of 1966, 18 U.S.C. § 3148 (1982), *repealed by* Bail Re-

form Act of 1984, Pub.L. No. 98–473, 98 Stat.1976 (1984). In all other cases, bail and other conditions of release were imposed solely to assure the appearance of the accused in court.

 Under the new statute judicial officers must now consider danger to the community in all cases in setting conditions of release. *See* 18 U.S.C. § 3142(g)(4) (Supp. II, 1985). Furthermore, a defendant's dangerousness may serve as a basis for pretrial detention. *See* 18 U.S.C. § 3142(e) (Supp. II, 1985). If a judicial officer finds that release on personal recognizance or unsecured appearance bond will not provide the requisite assurances, the judicial officer must impose the least restrictive bail conditions necessary to assure appearance and safety.

In narrowly-drawn sections, the Act provides statutory authority for the judicial officer to consider whether, in certain specific cases, no conditions of release will assure appearance and safety and whether the defendant may then be detained pending trial. 18 U.S.C. § 3142(e), (f) (Supp. II, 1985).

In a nutshell, a detention hearing, *i.e.,* for considering detention as opposed to setting conditions of release, may be held upon an appropriate motion in a case involving:

(1) a crime of violence, 18 U.S.C. § 3142(f)(1) (Supp. II, 1985);

(2) a crime punishable by life imprisonment or death, *Id.;*

(3) a federal narcotics offense with a potential sentence of ten years or more, *Id.;*

(4) any felony following convictions for two or more offenses in the nature of the above, whether state or federal, *Id.;*

(5) a serious risk of flight, 18 U.S.C. § 3142(f)(2) (Supp. II, 1985); or

(6) a serious risk that the person will attempt to obstruct justice or to threaten, injure or intimidate a witness or juror. *Id.*

 Our review of a detention order is plenary. *United States v. Delker,* 757 F.2d 1390, 1399 (3d Cir.1985). A court of appeals must make an independent determination with respect to the statutory criteria for detention or release. *United States v. Perry,* 788 F.2d 100, 104 (3d Cir.1986). However, Rule 9 of the Federal Rules of Appellate Procedure dictates that an appeal shall be heard upon such papers, affidavits and portions of the record as the parties shall present. Thus, the courts of appeals are not free to ignore the trial court's supporting statement of reasons for the action taken. *Delker,* 757 F.2d at 1400. However, if after careful review of the record and of the trial court's reasoning, the court of appeals independently reaches a different conclusion, the court of appeals may amend or reverse the detention decision. *Id.*

### III.

The district court detention order was based on the finding, after a hearing, that no conditions of release will reasonably assure the safety of the community. The record before us supports a finding that there is a danger that the defendant will, if released, commit another offense of the type for which he has been previously convicted and with which he is presently charged, namely crimes involving the use of false identification.

The defendant does not contest the district court's findings of fact. He argues that the established facts do not, under the statute, support a finding that there are no release conditions which would assure the safety of the community.

 Specifically, the defendant asserts that his detention is not authorized by statute, citing our opinion in *United States v. Perry,* 788 F.2d 100 (3d Cir.1986) for the proposition that preventive detention is limited to cases involving the serious offenses which will support a motion for a detention hearing.

We held in *Perry* that while there is a substantive liberty interest in freedom from confinement, that interest is not vio-

lated by Section 3142(e) in authorizing the pretrial detention of "persons found to be dangerous in a very real sense; distributors of dangerous drugs and users of firearms in the commission of crimes of violence." 788 F.2d at 113. Since *Perry* involved a statutorily-specified crime, we did not address the question, presented here, of whether the statute authorizes pretrial detention upon proof of danger to the community other than from those offenses which will support a motion for detention. We now hold that it does not.

The government argues that the statute does not limit detention hearings to those cases specified in subsection (f) and that the only purpose of subsection (f) is to specify those cases in which a hearing is mandated. The government further asserts that once a hearing is authorized any evidence of danger to the community from recidivism may be relied upon to justify pretrial detention. We disagree.

If Congress had intended to authorize pretrial detention in all cases where recidivism appears likely it could easily have done so. The legislative history of the Bail Reform Act of 1984 makes clear that to minimize the possibility of a constitutional challenge, the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to the danger from "a small but identifiable group of particularly dangerous defendants." S.Rep. No. 225, 98th Cong., 1st Sess. 6–7 (1983), U.S.Code Cong. & Admin.News 1984, pp. 3182, 3189.

It is true that a hearing may be held in connection with any bail decision. However, detention may be ordered only "after a hearing pursuant to the provisions of subsection (f)." 18 U.S.C. § 3142(e) (Supp. II, 1985). Therefore, as stated in the legislative history, "the requisite circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial." S.Rep. No. 225, *supra*, at 20, U.S.Code Cong. & Admin.News 1984, at 3203. Pretrial detention may not be considered ex-

cept under carefully specified circumstances.

■ Therefore it is reasonable to interpret the statute as authorizing detention only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute.

■ Mr. Himler's case does not involve any of the offenses specified in subsection (f)(1), nor has there been any claim that he would attempt to obstruct justice or intimidate a witness or juror. Accordingly, we hold that the statute does not authorize the detention of the defendant based on danger to the community from the likelihood that he will if released commit another offense involving false identification. Any danger which he may present to the community may be considered only in setting conditions of release. He may be detained only if the record supports a finding that he presents a serious risk of flight.

The government argues that we can affirm the district court's detention order on the grounds that there is a serious risk that the defendant will flee to avoid prosecution. While the government concedes that the district court made no finding of risk of flight, it argues that we may perform an independent review of the record and affirm the court's order on alternate grounds. The government urges us to adopt the risk of flight conclusion of the magistrate who found by clear and convincing evidence that if the defendant were released, "it is likely he will ... fail to appear in court and adopt another alias in order to avoid apprehension."

■ A defendant may be detained prior to trial "[i]f, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e) (Supp. II, 1985). While the statute provides that a danger to the community determination must be supported by clear and convincing evidence, it

does not specify the government's burden of proof with respect to risk of flight. 18 U.S.C. § 3142(f) (Supp II, 1985).[1]

The United States Courts of Appeals for several other circuits have decided that the government's burden in demonstrating risk of flight is the preponderance of the evidence standard. *See, e.g., United States v. Portes,* 786 F.2d 758, 765 (7th Cir.1985); *United States v. Vortis,* 785 F.2d 327, 329 (D.C.Cir.1986); *United States v. Medina,* 775 F.2d 1398, 1402 (11th Cir.1985); *United States v. Fortna,* 769 F.2d 243, 250 (5th Cir.1985); *United States v. Motamedi,* 767 F.2d 1403, 1406–07 (9th Cir.1985); *United States v. Chimurenga,* 760 F.2d 400, 405–06 (2d Cir.1985); *United States v. Orta,* 760 F.2d 887, 891 n. 20 (8th Cir.1985). We see no reason to deviate from the traditional preponderance of the evidence standard in the absence of express direction from Congress. We assume that Congress acted deliberately in setting forth the burden for a danger to the community determination while remaining silent as to the burden for a risk of flight inquiry. Consequently, we will apply the preponderance of the evidence standard.

Judicial officers making risk of flight determinations are guided by the factors set forth in Section 3142(g), including the nature and circumstances of the offense charged, the weight of the evidence against the person, and the history and characteristics of the defendant. Applying those factors to this case, we do not find a preponderance of the evidence supporting the proposition that no condition or combination of conditions will reasonably assure the appearance of the defendant at trial.

The magistrate's risk of flight determination focuses on the nature of the defendant's past and present crimes, his apparent unwillingness to forego crimes of deceit, even while on probation, and the possibility that he would use his aliases to flee and avoid prosecution. While it is true that the defendant stands accused of an unlawful deceit, there is, of course, no *per se* presumption of flight where the crime charged involves the production of fraudulent identification. The defendant's past convictions do indicate a propensity over a period of time to engage in similar unlawful deceits. The purpose of a Section 3142(e) risk of flight determination, however, is not to detain habitual criminals or deceitful persons; it is to secure the appearance of the accused at trial. As the government concedes, the record indicates that the defendant when previously accused of similar crimes and not detained always appeared in court as required.

The government contends, however, that the defendant's motive to flee is greater now than it has been in the past. The government cites Florida's outstanding warrant for the defendant's arrest as well as the possibility that the defendant will be found to have violated the conditions of his probation. The government's argument is flawed. The outstanding detainers and warrants, absent other evidence, do not require pretrial detention on the charges here. At most, temporary detention, as was ordered by the magistrate, may be warranted to enable the appropriate authorities to act on their detainers and warrants. *See* 18 U.S.C. § 3142(d) (Supp. II, 1985).

Finally, the government disputes the importance of the testimony by the defendant's father that he would agree to act as custodian of his son and report any failure by his son to abide by a curfew. The government argues that the "father's ability to control the appellant's actions is somewhat questionable in light of the fact that he was living with his father while on probation for committing offenses similar to that at issue here." The defendant's father also promised, however, to post up

---

1. The statute provides in relevant part:
 The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.
 18 U.S.C. § 3142(f) (Supp. II, 1985).

to $2000 to secure his son's release, as he has done in the past.

■ The defendant's prior record of appearing in court as required when released prior to trial is a factor in favor of his release now. Although he is unemployed, he does have family ties to the area. He is clearly capable of obtaining false identification, but there is no direct evidence to suggest that he would flee from prosecution in the future. *Compare United States v. Maull*, 773 F.2d 1479 (8th Cir. 1985) (*en banc*) (defendant had previously fled from prosecution, was found to have secreted a passport, and had contacts with persons living abroad who could aid his flight), *and United States v. Vortis*, 785 F.2d 327 (D.C.Cir.1986) (defendant had a safe deposit box with 13 passports plus other forms of identification, was suspected leader of fraudulent identification and airline ticket ring, and was traveling to Liberia at time of arrest). Mere opportunity for flight is not sufficient grounds for pretrial detention. *Cf. Virgin Islands v. Leycock*, 678 F.2d 467, 469 (3d Cir.1982).

We find insufficient evidence to support a determination that no condition or combination of conditions will secure the defendant's appearance as required. Our finding does not preclude the court's imposition of stringent conditions of release as provided by the statute.

### IV.

We find that the district court improperly considered danger to the community in detaining the defendant pending trial rather than in setting conditions of release. In addition, we find that the record will not support a finding that no condition or combination of conditions will secure the defendant's appearance as required.

Consequently, we will reverse the district court's detention order and will remand the case for the setting of bail and for the imposition of appropriate conditions on the defendant's release.