UNITED STATES of America

v.

Hubert Francis COLE

and

Vjekoslov Spanjol.

Crim. A. No. 88–516–01, 02.

United States District Court,
E.D. Pennsylvania.

Dec. 27, 1988.

Michael M. Baylson, U.S. Atty., Thomas J. Rueter, Paul A. Sarmousakis, Asst. U.S. Attys., E.D. Pa., Philadelphia, Pa., for plaintiff.

Denver McCarty, Dallas, Tex., for defendant, Vjekoslav Spanjol.

Edward H. Weis, Sr. Staff Atty., Federal Court Division, Defender Ass'n, Philadelphia, Pa., for defendant, Hubert Francis Cole.

MEMORANDUM AND ORDER

DUBOIS, District Judge.

Presently before me are the motions of defendants Hubert Francis Cole and Vjekoslov Spanjol for Review and Revocation of Detention Orders entered on December 6, 1988. The detentions were ordered by Magistrate Richard A. Powers, III, who found that the government had met its burden by showing that no condition or combination of conditions would assure the appearance of the defendants at trial and the safety of the community.

This Court has jurisdiction to review the Magistrate's decision under 18 U.S.C. § 3145(b). That section requires this Court to make a *de novo* determination of the findings of fact underlying the detention Order. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir.1985). However, the reasons articulated by the Magistrate must be given "respectful consideration." *United States v. Suppa*, 799 F.2d 115, 120 (3d Cir.1986). The transcript of the hearing before the Magistrate may also be admitted into evidence in the hearing before the District Court. *See United States v. Allen*, 605 F.Supp. 864 (W.D.Pa.1985).

At a hearing held before me on December 20, 1988, the transcript of the December 6, 1988 hearing before Magistrate Powers was admitted into evidence and additional evidence was received. I affirmed the Detention Orders issued by Magistrate Powers on December 6, 1988 and affirmed and adopted all of his findings, with the exception of finding number three (3) in both Orders. In finding number three in the Cole Order, Magistrate Powers found probable cause that defendant Cole had engaged in espionage activities in violation of 18 U.S.C. § 794. I found that there was

clear and convincing evidence supporting this finding. In finding number three in the Spanjol Order, Magistrate Powers found probable cause that defendant Spanjol had engaged in espionage activities in violation of 18 U.S.C. § 794 and possession of cocaine in violation of 21 U.S.C. § 844. Again, I found that there was clear and convincing evidence supporting this finding.

The purpose of this Memorandum is to modify and clarify the basis for this Court's affirmation of the detention Orders. To the extent that my decision read from the bench at the December 20, 1988 hearing conflicts with this Memorandum, it is hereby vacated.

The Government's burden in demonstrating risk of flight justifying pretrial detention is the preponderance of the evidence standard. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir.1986). The Government's burden in demonstrating danger to the community justifying pretrial detention is the clear and convincing standard. *Id.* at 160.

I hereby adopt the following findings made at the December 6, 1988 hearing before Magistrate Powers:

1. On December 1, 1988, the defendant Hubert Francis Cole and the defendant Vjekoslov Spanjol were indicted by a federal grand jury in the Eastern District of Pennsylvania for conspiracy to defraud the United States, 18 U.S.C. § 371; failure to file U.S. Customs Currency Reports, 31 U.S.C. §§ 5316(a)(1)(A) and 5322(b); laundering proceeds of unlawful activity, 18 U.S.C. § 1956; failure to file IRS currency transaction reports, 31 U.S.C. §§ 5313 and 5322(b); interstate travel in aid of racketeering, 18 U.S.C. § 1952; and violation of the Arms Export Control Act, 22 U.S.C. § 2778.

2. If convicted of all offenses in the indictment, defendant Cole faces a maximum penalty of 230 years imprisonment, and a fine of $10,600,000.00.

3. If convicted of all offenses in the indictment, defendant Spanjol faces a maximum penalty of 100 years imprisonment, and a fine of $5,100,000.00.

4. The defendants have used and have access to Yugoslavian passports and visas, as well as documents establishing the defendants as diplomatic couriers for Yugoslavia and establishing aliases for the defendants.

5. Defendant Cole has used fictitious names and aliases, including the name "Milutin Colovic."

6. The defendants have established bank accounts in Yugoslavia and have the capacity to secure the assistance of persons living in that country to assist them in fleeing the jurisdiction of the United States.

7. The defendants have demonstrated by their smuggling of currency and special military equipment to Yugoslavia that they are capable of travelling abroad without being detected by United States authorities.

8. In tape-recorded conversations with an undercover government agent, the defendants stated that they would leave the jurisdiction if arrested for their criminal activities.

In addition, I make the following findings:

9. In a conversation with an undercover agent, defendant Cole referred to defendant Spanjol as the Yugoslavian equivalent of the KGB, and on a separate occasion Cole referred to Spanjol as the second in command of Yugoslavian intelligence in the United States.

10. In a conversation with an undercover agent, defendant Cole stated that he and defendant Spanjol were able to obtain Defense Department related information through the cleaning service owned by Spanjol. Mr. Cole also stated that he would review the documents as a technical advisor, and then provide the documents and information to the Yugoslavian government.

11. There is evidence that defendants Cole and Spanjol engaged in espionage activities, in violation of 18 U.S.C. § 794, although the evidence is not clear and convincing.

12. When defendant Spanjol was arrested at the Philadelphia Airport on December 1, 1988, he possessed a small amount of a white powdery substance which field tested positive for cocaine.

13. There is clear and convincing evidence that defendant Spanjol possessed cocaine, in violation of 21 U.S.C. § 844.

14. Defendant Spanjol is currently released on bail from a court in Dallas after recently being arrested for possession of cocaine.

15. There is evidence that the defendants are a danger to the community under *Himler*, although the evidence is not clear and convincing.

16. When defendant Cole was arrested, he possessed a birth registration card from the Arkansas Department of Health bearing the name Jesse Dean Winkle, Jr., showing a birth date of November 17, 1942, and he also possessed a phone card from U.S. Sprint in the name of Cliff Dawson.

17. In a tape-recorded conversation with an undercover agent, defendant Cole stated that if he fled the jurisdiction after an arrest, he would change his identity and return to the United States to continue his illegal activities.

18. There is more than a preponderance of evidence to establish that defendants Cole and Spanjol present a serious risk of flight and that no condition or combination of conditions will reasonably assure their appearance at trial.

■ The Third Circuit has held that pretrial detention is only allowed when there is "proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified in the bail statute [18 U.S.C. 3142(f)(1) ]." *Himler*, 797 F.2d at 160. The threat of recidivism alone does not justify pretrial detention for danger to the community. *Id.* ("If Congress had intended to authorize pretrial detention in all cases where recidivism appears likely it could easily have done so.").[1]

Before this Court can find that the defendants' danger to the community can justify pretrial detention, the Government must show that the defendants pose a danger of recidivism in at least one of the crimes listed in 18 U.S.C. § 3142(f)(1) or that they will obstruct justice. Neither defendant has been indicted for any of the listed offenses, the Government has failed to establish the crime of espionage[2] by clear and convincing evidence, and simple possession of cocaine under 21 U.S.C. § 844, while a listed offense, does not carry a maximum penalty of ten (10) or more years. Moreover, the Government has made no showing that either defendant will obstruct justice if released pending trial. Therefore, the defendants may not be detained pending trial as a danger to the community.

■ The next issue for determination is whether the defendants may be detained if they pose a risk of flight but do not pose a danger to the community. The Third Circuit has implicitly held that risk of flight alone is sufficient to merit pretrial detention. *Himler*, 797 F.2d at 160 (After holding that the defendant's danger to the community was insufficient to merit pretrial detention, the Court held that the defendant could only be detained "if the record supports a finding that he is a serious risk of flight."). Indeed, courts that have directly considered this question have uniformly determined that either danger to the community *or* serious risk of flight is sufficient to merit pretrial detention. *See, United States v. Askari*, 608 F.Supp. 1045 (E.D.Pa.1985); *United States v. Kouy-*

---

**1.** While the Supreme Court has never directly addressed this issue, the holding of the Third Circuit has support in *U.S. v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). In that opinion, Chief Justice Rehnquist noted that "[t]he Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes. See 18 U.S.C. § 3142(f)...." *Id.*, 107 S.Ct. at 2101. That case also states that "[t]he Act operates only on individuals who have been arrested for a specific category of extremely serious offenses. 18 U.S.C. § 3142(f)." *Id.*, 107 S.Ct. at 2103.

**2.** Espionage carries a maximum penalty of death or life imprisonment under 18 U.S.C. § 794 and therefore is a listed offense under 18 U.S.C. § 3142(f)(1)(B).

*oumdjian,* 601 F.Supp. 1506 (C.D.Cal. 1985); *United States v. Resek,* 602 F.Supp. 1126, 1128–29 n. 1 (S.D.N.Y.1985).

Defendants Cole and Spanjol pose a serious risk of flight and no conditions or combination of conditions will reasonably assure their appearance at trial. The risk of flight has been established by the Government well beyond the requisite preponderance of the evidence standard. *See Himler,* 797 F.2d at 161. The most convincing evidence is provided by the tape recorded conversations where both defendants stated to undercover agents that they would flee if they were arrested.[3] In addition, the facts established by the Government show that both defendants have the knowledge, ability and resources to assume new identities and to travel outside this country without being detected by U.S. authorities.

The evidence of espionage provides further support for the defendants' risk of flight. Although the evidence of espionage in this case, without more, is not sufficient to merit detaining defendants Cole and Spanjol pending trial, the evidence of espionage that exists is relevant to the defendants' ability to flee before trial. *See United States v. Kostadinov,* 572 F.Supp. 1547, 1551 (S.D.N.Y.1983), *aff'd,* 721 F.2d 411 (2d Cir.1983).

Although I find that the defendants do not pose a danger to the community sufficient to merit pretrial detention, I do find that they pose a serious risk of flight and that no condition or combination of conditions will reasonably assure the appearance of the defendants as required. Therefore, I affirm the Detention Orders issued by Magistrate Powers.

An appropriate Order follows.

---

**3.** The evidence strongly suggests that, given the opportunity, the defendants would flee to Yugoslavia. I note that the United States does not have an extradition treaty with Yugoslavia.