**UNITED STATES**

v.

**George DEBEIR.**

**No. CRIM. WMN–98–0251.**

United States District Court, D. Maryland.

June 27, 1998.

Lynne A. Battaglia, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, for U.S.

James Wyda, Acting Federal Public Defender, Beth M. Farber, Assistant Federal Public Defender, for Defendant.

*MEMORANDUM OPINION*

GAUVEY, United States Magistrate Judge.

This matter is before me for a detention hearing. George DeBeir was charged with violating 18 U.S.C. § 2423(b), interstate travel for the purpose of engaging in a sexual act with a minor that would be in violation of chapter 109A. The government argues that Mr. DeBeir should be detained pending trial under one of three provisions of the Bail Reform Act: § 3142(f)(1)(A) (crime of violence), (f)(2)(A) (serious risk of flight), or

(f)(2)(B) (serious risk that person will attempt to threaten, injure or intimidate a potential witness). At the last hearing, I stated that I believed that at a minimum "the case ... involves ... a serious risk that [Mr. DeBeir] will flee" under § 3142(f)(2)(A). I expressed reservations as to whether the "case" involves a "crime of violence" under § 3142(f)(1)(A). For the reasons stated below, I find that this case does not involve a crime of violence and therefore I lack authority to detain Mr. DeBeir pretrial on the allegations of his dangerousness to the community. However, I do have authority to impose conditions which will address and minimize any danger to the community.

I further find that while this case involves a serious risk of flight, that risk can be addressed through conditions which will reasonably assure Mr. DeBeir's appearance. Finally, I do not find that there is a serious risk that Mr. DeBeir will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate a prospective witness or juror.

### ANALYSIS

The Bail Reform Act favors release of defendants awaiting trial. *United States v. Byrd,* 969 F.2d 106, 109 (5th Cir.1992). A judge may order detention only after a detention hearing, which may be held only if one of six conditions is present. 18 U.S.C. § 3142(e), (f). Thus, a finding that one of the six conditions is met is a prerequisite to detention. *Byrd,* 969 F.2d at 109. At issue in this case are three of the six conditions. I will address each in turn.

#### 1. *Crime of Violence*

The Bail Reform Act authorizes detention in cases involving a crime of violence, which the Act defines as, *inter alia,* "any felony under chapter 109A or chapter 110[.]" 18 U.S.C. § 3156(a)(4)(C). The Court rejects the government's argument that Mr. De-

Beir's charged offense falls within the definition cited above.

■ The specific and plain language of subparagraph C above and recent proposals to amend it show that Congress did not intend subparagraph C to define Mr. De-Beir's charged offense as a crime of violence. Subparagraph C specifically defines as crimes of violence those felonies under *chapters 109A and 110.* Mr. DeBeir's charged offense falls under *chapter 117.* Application of the interpretive canon of *expressio unius est exclusio alterius,* meaning literally "the expression of one thing is the exclusion of another," suggests that inclusion of crimes "under chapter 109A and chapter 110," and the corresponding omission of crimes under chapter 117, shows that Congress intended offenses under chapter 117 to fall outside the definition of crimes of violence.[1] It is also noteworthy that both § 2324(b), which establishes Mr. DeBeir's charged offense, and subparagraph C, defining violent crimes, were passed as part of the Violent Crime Control and Law Enforcement Act of 1994. Consequently, Congress was presumably well aware of § 2324(b) when it passed subparagraph C omitting § 2324(b).

Additionally, a recently proposed amendment to § 3156 of the Bail Reform Act provides further evidence that Congress intended in 1994 to exclude chapter 117 offenses from the definition of crimes of violence. The House of Representatives' Committee on the Judiciary recently recommended passage of the Child Protection and Sexual Predator Punishment Act of 1998, which would amend subparagraph C by explicitly adding chapter 117 offenses as crimes of violence under the Bail Reform Act. The House Report clearly states that Mr. DeBeir's charged offense is omitted from subparagraph C as it now stands:

> Current law ...does not require pretrial detention for offenses involving ... (3) transportation in interstate commerce with intent to engage in criminal sexual activity

---

1. *See Freightliner Corp. v. Myrick,* 514 U.S. 280, 288, 115 S.Ct. 1483, 131 L.Ed.2d 385 (1995) (employing *expressio unius* analysis) (citing *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992)); *United States v. Vaughn,* 636 F.2d 921, 923–24 (4th Cir.1980) ("[The statute] fails to authorize assess-

ment of expenses of investigation while [it] authorize[s] imposition of other court costs and fees. [The] silence suggests that Congress did not intend to authorize district courts to include expenses of investigation when assessing costs against a criminal defendant.").

with a minor. This section [of the 1998 law] would add these offenses to the list of offenses in which pretrial detention is authorized.

H.R.Rep. No. 105–557 at 23 (1998).

Given the above language construing the present subparagraph C, the government's assertion that the proposed amendment would "clarify" rather than modify subparagraph C clearly lacks merit. The reasoning behind the proposed amendment as shown by the House Report, along with the plain, specific language of subparagraph C as it now stands, clearly shows that subparagraph C excludes Mr. DeBeir's charged offense as a crime of violence.

Additionally, although the government urges the Court, in reliance on *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir.1992), to consider Mr. DeBeir's conduct in this case to determine whether it involves a crime of violence, the Court refuses to do so. The Fifth Circuit appears to be the only circuit that gives meaning to the word "involves" in § 3142(f), finding that the phrase "involves ... a crime of violence" authorizes detention if the defendant perpetrated an act of violence that is sufficiently connected to the nonviolent charged offense. *Byrd*, 969 F.2d at 110; *United States v. Reinhart*, 975 F.Supp. 834, 836 (W.D.La.1997). Although *Byrd* gives meaning to the word "involves," it ignores the word "crime," finding that a violent act, although uncharged and thus not technically a crime before the court, can support detention. Indeed, this proposition, in *Byrd*, appears to be *dicta* as the court there found:

That Dr. Byrd may have molested minors not connected with the specific offense now against him, or that young boys and pornography in addition to the subject videotape were present at Dr. Byrd's premises when the warrant for the mailed tape was executed, or that expert witness testimony supports that he will likely molest children once released, do not satisfy the nexus or involvement requirement of this Act for detaining a defendant before his conviction.

*Byrd*, 969 F.2d at 110.

In any event, the court in *Byrd* required *both* an act of violence and a reasonable connection between that act of violence and the charge. Here, there is no demonstrated act of violence on Mr. DeBeir's part. Additionally, the government's emphasis on Mr. DeBeir's conduct is an attempt to seduce the Court into considering Mr. DeBeir's overall dangerousness, based on the evidence against him, when determining whether detention is authorized. Such evaluation directly conflicts with the Act's other provisions allowing the Court to examine dangerousness only after the government has met one of six threshold requirements, one of which is a crime of violence. 18 U.S.C. § 3142(g)(2), (4).

Further, this Court agrees with at least two circuits that even more narrowly interpret the Act to authorize detention based on dangerousness grounds only in cases involving one of the four circumstances set forth in § 3142(f)(1), which includes crimes of violence as well as other serious crimes. *United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988); *United States v. Himler*, 797 F.2d 156, 160 (3d Cir.1986). This is in accord with legislative history showing that Congress, to minimize the possibility of constitutional challenge, intended to narrowly draft the provisions relating to dangerousness to include only "a small but identifiable group of particularly dangerous defendants." *Himler*, 797 F.2d at 160, *citing* S.Rep. No. 225 at 6–7 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3189. The Supreme Court ultimately upheld a constitutional challenge to the provisions allowing detention based on dangerousness. The Court held that the government has a compelling interest in preventing crime and that the statute narrowly focused on "individuals who have been arrested for a specific category of extremely serious offenses...." *United States v. Salerno*, 481 U.S. 739, 749–50, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

Thus, it is clear that the Act, as intended by Congress and interpreted by the Supreme Court, allows dangerousness to justify detention only for those individuals who fall within the carefully delineated categories set forth in § 3142(f)(1), rather than those who pose a risk of flight or risk of obstruction of justice

under (f)(2). As the court stated in *Byrd,* 969 F.2d at 110:

> There is no doubt that the Act places a risk on society: a defendant who clearly may pose a danger to society cannot be detained on that basis alone. In such instances, the Act requires that society's interest be safeguarded only by a set of conditions imposed on his release.

I find that the government has failed to show that the offense for which Mr. DeBeir is charged is a "crime of violence." Accordingly, I believe that the Bail Reform Act does not authorize me to detain Mr. DeBeir on the ground that he is a danger to the community. However, § 3142(c) does empower me to set conditions of release which "will reasonably assure the appearance of the person as required and the safety of any other person or the community."

### 2. *Serious Risk of Flight*

 Although I held the detention hearing on the ground that Mr. DeBeir posed a serious risk of flight under § 3142(f)(2)(A), I now find that the government has failed to show by a preponderance of the evidence that such a serious risk exists. This is especially true in light of the release conditions imposed by this Court, which serve to further alleviate the risk of flight. Therefore, I find that the Court cannot detain Mr. DeBeir on risk of flight grounds.

Mr. DeBeir, although born in Belgium, has lived in the United States for more than 20 years. He has worked in this country professionally during that time and appears to have no close family or professional ties elsewhere. He has surrendered his passport to the Court, and the Belgium Embassy in the United States has agreed not to issue him another passport. Additionally, Mr. DeBeir has posted two individual retirement accounts totaling about $130,000, which is nearly his entire savings. Mr. DeBeir, at the age of 57, has limited future earning potential and limited funds at his current disposal, leaving him unlikely to flee at the cost of his life's savings.

Further, given Mr. DeBeir's lack of criminal history, if Mr. DeBeir were to eventually plead guilty, the sentence would be 12–18 months. U.S. Sentencing Guidelines Manual § 2A3.2 (1995). While such a sentence is certainly not insignificant, its minimal length further reduces the risk of flight, especially in light of the assets Mr. DeBeir has posted. Finally, Mr. DeBeir's psychological evaluation ordered by this Court fails to support in any way the government's contention that Mr. DeBeir is likely to flee. In conclusion, the government has offered insufficient evidence to prove that Mr. DeBeir is a serious risk of flight, and thus, the Court cannot detain him on risk of flight grounds.

### 3. *Attempt to Obstruct Justice*

While the government had alleged that Mr. DeBeir may attempt to obstruct justice by intimidating potential witnesses, the government has offered no evidence to support such contention. Thus, the Court will not detain Mr. DeBeir on such grounds.

In conclusion, the Court finds that it has no grounds on which or detain Mr. DeBeir. Mr. DeBeir has not been charged with a crime of violence or other serious crime which would support a finding of dangerousness under the Act. Additionally, there is insufficient evidence to find that Mr. DeBeir will likely flee or intimidate potential witnesses. Accordingly, the Court will release Mr. DeBeir under a set of conditions designed to assure his appearance at future proceedings.