## UNITED STATES v. PARKER.
### No. 174-53.
United States District Court

District of Columbia, Criminal Division.
April 1, 1953.

Charles M. Irelan, U. S. Atty., Edward O. Fennell, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Roy St. Lewis, Washington, D. C., for defendant.

LAWS, Chief Judge.

This case comes before the Court on an application by the United States Attorney for a warrant of removal of defendant to the Eastern Division of the Northern District of Illinois.

Defendant, a resident of the District of Columbia and over 75 years of age, was indicted by a grand jury in Chicago on February 18, 1949, under 18 U.S.C.A., § 338, now § 1341, alleging use of the mails in furtherance of a scheme to defraud by inducing persons to participate in a fraudulent map puzzle contest, and 18 U.S.C.A., § 88, now § 371, for conspiracy pursuant to that scheme.

The indictment was filed more than four years ago. Since then, defendant has appeared in Chicago eleven times for trial. Eleven times his case was continued without trial.

Defendant had been permitted to return to the District of Columbia pending trial on bond of $5,000. On June 13, 1952, on motion of the Government, defendant was ordered to present himself at the hospital at Downey, Illinois, for psychiatric exami-

nation, and on July 7, 1952, a bench warrant was issued by the District Court in Chicago for his arrest. Upon removal proceedings in the District of Columbia based on the warrant and order for psychiatric treatment, defendant was released upon a petition for a writ of habeas corpus in this Court, on August 21, 1952. On that date a bench warrant was again issued in Chicago, defendant's bond for $5,000 was declared forfeited, and another removal proceeding initiated here based on the warrant and the indictment. This proceeding was dismissed upon the advice of the United States Attorney for the District of Columbia that defendant had voluntarily presented himself at the United States District Court in Chicago.

On September 15, 1952, pursuant to a notice to appear for trial, defendant presented himself at the District Court in Chicago. No Government witnesses were present. The United States Attorney was not prepared for trial. Defendant was informed he was there not for trial but for psychiatric examination at the Veterans Administration Hospital. The commitment order was postponed, and defendant was permitted to sign his personal bond for $5,000, even though his surety bond had been forfeited. On failure of defendant to perfect his appeal, defendant's personal bond was forfeited and a bench warrant issued on December 15, 1952, for his arrest.

Removal is sought under Rule 40(b)(3) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and is based upon the warrant and the four year old indictment, under which defendant has appeared in Chicago eleven times for trial. The order for commitment for mental examination remains outstanding. No trial date has been set nor, apparently, is one contemplated at this time. There is no indication that trial will be had forthwith or at any early date if defendant is found of sound mind. Defendant's appearance before this Court on removal proceedings gave no indication of insanity or other inability to stand trial.

Rule 40(b)(3) provides in part, "If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment." While the sentence is mandatory in terms, however, it does not destroy but only limits the exercise of discretion by the Court. The purpose in requiring that the judge must issue the order of removal was to make it a judicial, rather than a mere ministerial, act, so as to afford defendant reasonable protection. Tinsley v. Treat, 1907, 205 U.S. 20, 27 S.Ct. 430, 51 L.Ed. 689; Beavers v. Henkel, 1904, 194 U.S. 73, 24 S.Ct. 605, 48 L.Ed. 882; United States v. Chiarito, D.C.Or.1946, 69 F.Supp. 317. It follows that in removal proceedings, the Court is allowed some discretion, and may make inquiry whenever special facts are disclosed that seem to make questionable the propriety of removal. United States v. Johnson, D.C.Or.1945, 63 F.Supp. 615.

Rule 40, taken in its entirety, indicates its principal purpose is to bring the accused to trial. Former 18 U.S.C.A., § 591, part of which was superseded by Rule 40 and the remainder incorporated in 18 U.S.C.A. § 3041, indicated its object in its title, "Arrest and removal for trial." The Notes of the Advisory Committee on Rules declare that the purpose of Rule 40 is to accord safeguards to a defendant against an improvident removal to a distant point for trial, and at the same time curb the opportunity for delay and obstruction on the part of defendants attempting to frustrate prosecution.

The end of removal is thus prosecution. On the present record it appears defendant has not in any wise attempted to frustrate prosecution by dilatory tactics, but has been willing to appear for trial at all times. Indeed he now asserts he is willing to appear for trial when one is assured. On the present record, this Court, being advised the prosecution even at this late date, four years after indictment, simply seeks to

**148**

determine defendant's mental ability to stand trial without any assurance of early trial, and being of opinion that under these circumstances the defendant would be unduly harrassed, the application for warrant of removal will be denied.