## UNITED STATES v. PARKER.

### No. 174.

United States District Court
District of Columbia.

Sept. 8, 1953.

Leo A. Rover, U. S. Atty., Washington, D. C., Edward O. Fennell, Asst. U. S. Atty., Washington, D. C., and Irvin Cohen, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Roy St. Lewis, Washington, D. C., Herbert K. Hyde, Oklahoma City, Okl., of counsel, for defendant.

LAWS, Chief Judge.

The United States Attorney for the District of Columbia, acting on request of the United States Attorney for the Eastern Division of the Northern District of Illinois, has again brought proceedings to remove the above-named defendant to Illinois. The prosecution does not seek to try defendant, but to have him declared insane. This Court in April of this year denied a similar application. 14 F.R.D. 146. The uncontradicted record then before the Court showed that defendant made eleven appearances for trial in Illinois. On each occasion the trial was postponed. Eventually the prosecution had sought, and the Court in Illinois had ordered, submission of defendant to an institution for mental examination to determine whether he might stand trial. Defendant had indicated he would readily appear in Illinois the twelfth time if he might be assured a prompt trial, but he objected to proceeding to Illinois for the sole purpose of a sanity test. His position appealed to this Court as reasonable.

Following denial of the removal of defendant, the prosecutor in Illinois went through what appears to have been a formal colorable procedure to set defendant's case for trial. A trial date was set for May 11, 1953, and a notice to this effect was sent defendant. The Assistant United States Attorney in Illinois in charge of the prosecution of defendant, on appearing before this Court in the present proceeding for removal, frankly stated the plans of the prosecution had remained unchanged, they had not proposed to try defendant on May 11, 1953, but to have his present mental state tested. The prosecutor argued that as early as January 5, 1950, defendant had indicated by a letter introduced in evidence that he was not sane; the prosecutor is of opinion he still is insane and should be so found. This position establishes the controlling points of this case precisely as they were when this Court refused removal last April. It is true the prosecution offered in evidence new records indicating that on several of the eleven occasions when defendant appeared in Chicago he took legal steps that might require postponement of his case. But there has been no explanation given why the case was repeatedly postponed on other occasions when defendant appeared, nor why, when the prosecution has believed for nearly four years defendant was insane, it has waited until lately to have him so declared. What is to be gained by a finding of insanity today? If it is to bring about

defendant's hospitalization because he is a menace to himself or to the public, a point which has never been suggested, proceedings may be taken in this District for this purpose. If it is to protect defendant against a trial because he is not able to cooperate in his defense, defendant and his counsel seek no such protection. If it is to provide the prosecution a reason for not trying the case after four years' wait, this Court is of opinion the removal at this late date is too drastic a proceeding for this purpose.

The removal of defendant on substantially the same state of facts as now are before the Court was denied by this Court in April of this year. If it is in error, adequate appellate procedures are available to the prosecutor, without relitigation of the same question before this same tribunal.

The pending application for warrant of removal of defendant is denied.