**UNITED STATES of America,
Petitioner,**

v.

**The Honorable June L. GREEN,
Respondent (two cases).**

**Eugene BYRD et al.**

v.

**UNITED STATES of America,
Appellant.**

**Nos. 73-2150, 73-2159 and 73-2265.**

United States Court of Appeals,
District of Columbia Circuit.

June 19, 1974.

Harold H. Titus, Jr., U. S. Atty. at the time the pleadings were filed, and Charles L. Jaffee, Atty., Dept. of Justice, were on the pleadings for petitioner and appellant.

Allan M. Palmer and Robert N. Levin, Washington, D. C., were on the pleadings for respondent and appellees.

Before .TAMM and ROBINSON, Circuit Judges.

PER CURIAM:

■ The sole question presented in these consolidated cases is whether a district court may properly dismiss a prosecution commenced by indictment in another district on motion of arrestees whose removal to the other district is sought pursuant to Criminal Rule 40(b).[1] We answer that question in the negative.

A grand jury in the Southern District of Florida returned an indictment charging eight persons with violations of federal narcotic laws. Eugene Byrd and Roy Black, two of the indictees and residents of the District of Columbia, voluntarily submitted to arrest in the District. They were brought before a federal magistrate in the District and a removal hearing, pursuant to Rule 40(b), was scheduled.[2]

■ Prior to the hearing, Byrd, joined later by Black, moved the District Court for the District of Columbia for dismissal of the prosecution on grounds of prejudicial delay in its initiation.[3] The District Court granted the motion. By direct appeal from the order of' dismissal and by petitions for writs of

---

1. Fed.R.Crim.P. 40(b).

2. See Fed.R.Crim.P. 40(b) (1), (2), (3).

3. The motion was predicated both upon an alleged denial of due process of law, see United States v. Marion, 404 U.S. 307, 323–325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and the provisions of Fed.R.Crim.P. 48(b). The motion also invoked the Speedy Trial Clause of the Sixth Amendment. But see *id.* at 313–322; United States v. Parish, 152 U.S.App.D.C. 72, 75–76, 468 F.2d 1129, 1132–1133 (1972), cert. denied, 410 U.S. 957, 93 S.Ct. 1430, 35 L.Ed.2d 690 (1973).

mandamus,[4] the Government seeks to set the court's action aside.[5]

Rule 40(b) prescribes the scope of a proceeding for removal of a person arrested in a district distant from the district wherein the prosecution is pending.[6] That proceeding, as we have stated, "contemplates service toward two primary goals." [7] One is to avoid delay in bringing arrestees to trial; [8] the other is to guard against improvident removals by requiring sufficient grounds therefor.[9] Essentially, the requirement is a showing to a federal magistrate of "probable cause to believe that [the arrestee] is guilty of the offense charged" where the arrest is made without a warrant [10] or where the prosecution is by information or complaint.[11] But where, as here, the prosecution is by indictment, "probable cause is [already] established, beyond the [purview] of judicial review, by the grand jury's return of the indictment." [12] Rule 40(b) is explicit as to both the procedure and the judicial response in such situations:

> If the prosecution is by indictment, a warrant of removal *shall* issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment.[13]

The upshot of it all is that once a certified copy of the indictment is produced at a removal hearing, the only issue re-

---

4. The appeal is No. 73–2265; the petitions are Nos. 73–2150, 73–2159.

5. It is argued that the petitions for mandamus are inappropriate because an appeal lies from the order of dismissal. See, *e. g.*, Will v. United States, 389 U.S. 90, 95–107, 88 S. Ct. 269, 19 L.Ed.2d 305 (1967); Schlagenhauf v. Holder, 379 U.S. 105, 109–112, 85 S. Ct. 234, 13 L.Ed.2d 152 (1964). But, as we have stated, see note 4, *supra*, and accompanying text, the Government also filed a timely notice of appeal from the order, designating both Byrd and Black as appellees. The Government has since sought to unilaterally withdraw the appeal and its status may be in doubt, see Fed.R.App.P. 42(b), but we deem that immaterial since in any event the petitions for mandamus are treatable as notices of appeal. Jordan v. United States District Court, 98 U.S.App.D.C. 160, 163, 233 F.2d 362, 365, vacated on other grounds, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed. 2d 114 (1956). See also Cobb v. Lewis, 488 F.2d 41, 45 (5th Cir. 1974). Since, then, we plainly have jurisdiction by the one procedural route or the other, we need not decide which is the more appropriate. Compare Nixon v. Sirica, 159 U.S.App.D.C. 58, 65 n. 21, 487 F.2d 700, 707 n. 21 (en banc 1973); Continental Oil Co. v. United States, 330 F.2d 347, 349 (9th Cir. 1964).

6. See discussion in United States v. Perkins, 140 U.S.App.D.C. 76, 80–81, 433 F.2d 1182, 1186–1187 (1970). We notice judicially that the Southern District of Florida is situated in the State of Florida, more than 100 miles from the District of Columbia. See Fed. R.Crim.P. 40(a), (b)(1).

7. United States v. Perkins, *supra* note 6, 140 U.S.App.D.C. at 81, 433 F.2d at 1187.

8. See note 9, *infra*.

9. "The purpose of removal proceedings is to accord safeguards to a defendant against an improvident removal to a distant point for trial. On the other hand, experience has shown that removal proceedings have at times been used by defendants for dilatory purposes and in attempting to frustrate prosecution by preventing or postponing transportation even as between adjoining districts and between places a few miles apart. The object of the rule is adequately to meet each of these two situations." Original Advisory Committee Note 2 to Fed.R.Crim.P. 40. See also United States v. Perkins, *supra* note 6, 140 U.S.App.D.C. at 81, 433 F.2d at 1187.

10. Fed.R.Crim.P. 40(b)(3)(C).

11. Fed.R.Crim.P. 40(b)(3)(B).

12. United States v. Perkins, *supra* note 6, 140 U.S.App.D.C. at 81, 433 F.2d at 1187. "[I]n case of an indictment, the grand jury, which is an arm of the court, has already found probable cause. Since the action of the grand jury is not subject to review by a district judge in the district in which the grand jury sits, it seems illogical to permit such review collaterally in a removal proceeding by a judge in another district." Original Advisory Committee Note 3 to Fed.R.Crim.P. 40 (1948). See also Dailey v. United States, 286 F.2d 62 (8th Cir.), cert. denied, 365 U.S. 827, 81 S.Ct. 714, 5 L.Ed.2d 706 (1961); Hemans v. Matthews, 6 F.R.D. 3, 4 (D.D.C.), aff'd, 81 U.S.App.D.C. 417, 158 F.2d 9 (1948).

13. Fed.R.Crim.P. 40(b)(3)(A) (emphasis added).

maining litigable is the identity of the arrestee as the indictee.[14] The clear mandate of Rule 40 sharply limits the function and authority of the magistrate, and by the same token the jurisdiction of the district court for the transferor district. Where the terms of Rule 40 are met in a proceeding for removal in furtherance of a prosecution by indictment, that court lacks power to dismiss either the proceeding or the prosecution.

We realize that Rule 40(b) may appear to visit needless inconvenience upon arrestees whose motions to dismiss may ultimately achieve success in the transferee court,[15] but there are more powerful considerations on the other side. A contrary provision would threaten consequences seriously adverse to the orderly administration of criminal justice,[16] not the least of which is potential frustration of the unequivocal objective of Rule 40(b) to avoid delay in bringing arrestees to trial.[17] The full panoply of defenses is, of course, available to the arrestee in the transferee court, and any inconvenience incidental to assertion of defenses there is simply unavoidable.

We remand these cases to the District Court with instructions to vacate the orders of dismissal and permit the removal proceeding to resume. Should the Government produce at the hearing a certified copy of the indictments and satisfactory proof that respondents are among the individuals named therein, warrants of removal must issue in due course.

So ordered.

14. United States v. Perkins, *supra* note 6, 140 U.S.App.D.C. at 81, 433 F.2d at 1187; In re Ellsberg, 446 F.2d 954, 957–960 (1st Cir. 1971); Cox v. United States, 373 F.2d 500 (8th Cir. 1967); United States v. Bessie, 75 F.Supp. 95, 97–98 (S.D.Cal.1947); Hemans v. Matthews, *supra* note 12, 6 F.R.D. at 4; United States v. Provoo, 16 F.R.D. 341, 343 (S.D.N.Y.1954); 8 J. Moore, Federal Practice ¶ 40.04[2] (Cipes ed. 1965); 3 C. Wright, Federal Practice § 654 (1969). *Cf.* United States v. Parker, 14 F.R.D. 146, supplemental opinion, 14 F.R.D. 447 (D.D.C.1953); United States v. Winston, 267 F. Supp. 555, 560 (S.D.N.Y.1967). As the Advisory Committee on the Criminal Rules had occasion to explain:

> It is contemplated that under this rule in cases in which the removal proceeding is based on an indictment, the production of a certified copy of the indictment accompanied by proof of identity would be conclusive and would require the court to order removal. See Rodman v. Pothier, 264 U.S. 339 [44 S.Ct. 360, 68 L.Ed. 759] (1924); Henry v. Henkel, 235 U.S. 219 [35 S.Ct. 54, 59 L.Ed. 203] (1914); Beavers v. Henkel, 194 U.S. 73 [24 S.Ct. 605, 48 L.Ed. 882] (1904). Under the proposed rule, if the prosecution is based upon an indictment, appearance on the face of the indictment of lack of jurisdiction would not constitute an adequate basis for denial by a district judge of an application for a warrant of removal. Compare Morse v. United States, 267 U.S. 80 [45 S.Ct. 209, 69 L.Ed. 522] (1925); United States v. Smith, *supra*; United States v. Yarborough, 122 F. 293 (W.D. Va., 1903).

Advisory Committee on Rules of Procedure, Federal Rules of Criminal Procedure 140 (Prelim.Draft 1943).

15. We intimate no view on the merits of the controversy.

16. One need not pause long to conjure the malevolent effects of divergent Rule 48(b) rulings in various jurisdictions in the course of a single prosecution involving many defendants.

17. See note 9, *supra*, and text *supra* at note 8. We are informed that, prior to submission of the case to us and ostensibly in consequence of this litigation, Byrd and Black were severed and trial of other indictees got under way.