**UNITED STATES of America**

v.

**Manuel ACOSTA.**

**UNITED STATES of America**

v.

**Jose ACOSTA, Martha Ovalle.**

**Magistrate Nos. 91–0530–M, 91–0531–M1 and 91–0531–M2.**

United States District Court, E.D. Pennsylvania.

Aug. 5, 1991.

L.C. Wright, Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Howard D. Popper, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUDWIG, District Judge.

The government moves for review of the orders setting conditions of release entered on July 26, 1991.[1]  18 U.S.C. § 3145(a)(1).[2]

### I.

The following facts are found from the evidence received at hearing: [3]

On July 23, 1991 at 6:00 a.m., DEA agents and local police went to 522 West Venango Street, Philadelphia, with a warrant to arrest a person other than these defendants. The arrest warrant did not have an address on it.[4]  *See* def. exh. 1. The officers believed, however, that the subject of the arrest warrant used numerous addresses, one of which was 522 West Venango Street.

The property consists of several apartment units. The officers did not know in which unit the subject of the arrest warrant resided. They went to the first-floor rear unit. After knocking on the door and announcing who they were,[5] they heard a toilet flush. They also heard an officer outside the building say he saw someone throw objects out of a rear window. The objects turned out to be vials of crack. Within 60–90 seconds, no one having come

1. On July 26, 1991 the government's petition for detention was denied by a magistrate judge and defendants were ordered to be released upon the following conditions:
   1. Bail in the amount of $25,000—10 percent cash.
   2. Defendants to report to Pretrial Services Agency in New York twice a week in person and once a week by telephone.
   3. Defendants' travel restricted to New York and Pennsylvania except when additional travel may be necessary for court appearances in this matter.
   4. Defendants to surrender their passports and any firearms they possess.

2. If a person is ordered released by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
   (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.
   18 U.S.C. § 3145(a)(1).

3. On July 26, 1991 a hearing was held on the government's motion. *See* 18 U.S.C. § 3145(a) (motions for review of release order "shall be determined promptly"). That hearing was continued until July 29, 1991, to permit defendants to present evidence supporting their argument that their arrests were illegal. Defendants were ordered detained pending this determination. 18 U.S.C. § 3142(e).

4. A DEA agent testified that the envelope containing the arrest warrant had three addresses on it—including 522 West Venango Street.

5. According to the DEA agent, they knocked on the door, and said "Police, we have a warrant. Open the door."

to the door, the officers broke into the first-floor rear unit.

Defendant Jose Acosta was arrested in the livingroom. Defendant Manuel Acosta was arrested as he was coming out of the bathroom into the bedroom. Defendant Martha Ovalle was arrested in the bedroom. Inside the apartment, police saw cocaine powder, a scale and vials in the bedroom. Two loaded semi-automatic pistols were under the beds where Jose Acosta and Martha Ovalle apparently had been sleeping.

## II.

Defendants contend that their arrests were illegal and that any evidence of illegal drugs or weapons found in the apartment would be subject to suppression at trial. They argue that they should be released on conditions similar to those imposed by the magistrate judge.

Under 18 U.S.C. § 3145, the district court conducts de novo review of a magistrate judge's release order. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985).

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person ...

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).[6]

■■■ Defendants assert that the legality of the arrest must be considered in order to evaluate the weight of the evidence against them. *See* 18 U.S.C. § 3142(g)(2). On this point, the statute is silent, and there does not appear to be any case law or other authority considering whether or not "the weight of the evidence" means the weight of the "admissible evidence." Ordinarily, suppression issues are presented under Rule 12, after indictment and before trial. At the preliminary examination, where the government may move for pretrial detention, suppression objections may not be raised.

■■■ Probable cause findings made at a preliminary examination—

may be based upon hearsay evidence in whole or in part.... Objections to evidence on the ground that it was acquired by unlawful means are not properly made at the preliminary examination. Motions to suppress must be made to the trial court as provided in Rule 12.

Fed.R.Crim.P. 5.1(a). Moreover, the magistrate judge or other judicial officer does not have the authority to consider suppression issues at the preliminary examination. *See Giordenello v. United States*, 357 U.S. 480, 484, 78 S.Ct. 1245, 1249, 2 L.Ed.2d 1503 (1958) ("[T]he Commissioner here had no authority to adjudicate the admissibility at petitioner's later trial of the heroin taken from his person. That issue was for the trial court").[7]

---

**6.** In cases that involve drug offenses for which a maximum term of imprisonment is 10 years or more, ·

 [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person [committed such an offense.] 18 U.S.C. § 3142(e)(1). *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir.1986) ("[T]he

presumption of § 3142(e) shifts to the defendant only the burden of producing evidence of lack of dangerousness, the burden of persuasion on dangerousness remaining always with the government").

**7.** "The fact that a defendant is not entitled to object to evidence alleged to have been illegally obtained does not deprive him of an opportunity for a pretrial determination of the admissibility of evidence. He can raise such an objection prior to trial in accordance with the provisions

■ Similar considerations apply to a detention hearing, which initially turns on the determination of probable cause.

The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.

18 U.S.C. § 3142(f). A defendant may raise the total absence of incriminating evidence to rebut the § 3142(e) presumptions of risk of flight and dangerousness.[8] *See United States v. Jackson,* 845 F.2d 1262, 1265–66 (5th Cir.1988) ("[A]n utter absence of incriminatory evidence" in the record requires remand to consider § 3142(g)(2)).

■ Here, however, considering the entire detention hearing record, there is substantial evidence to support a finding of risk of flight and dangerousness to the community.[9] Agents arrested defendants in a small, one-bedroom apartment. There, they observed a bag containing approximately three ounces of cocaine, a scale and vials along with two loaded pistols under the beds. It is obvious that drug activities of this nature are highly dangerous to the community. *See United States v. Coleman,* 777 F.2d 888, 893–94 (3d Cir.1985).

### III.

The following findings are made:

1. There is probable cause to believe defendant Manuel Acosta possessed with intent to distribute cocaine base. 21 U.S.C. § 841(a)(1). The maximum sentence includes imprisonment of 40 years, and there is a mandatory minimum imprisonment of five years.

2. There is probable cause to believe defendants Jose Acosta and Martha Ovalle possessed with intent to distribute cocaine. 21 U.S.C. § 841(a)(1). The maximum sentence includes imprisonment of 20 years.

3. A rebuttable presumption exists that no condition or combination of conditions will reasonably assure the appearance of defendants and the safety of the community. 18 U.S.C. § 3142(e)(1). *See United States v. Suppa,* 799 F.2d 115 at 119 (3rd Cir.1986).

of rule 12." Fed.R.Crim.P. 5.1, Notes of Advisory Committee on Rules.

**8.** Here, the legality of defendants' arrests appears to be contestable. At 6:00 a.m., DEA agents and police arrived at 522 West Venango Street looking for the subject of the arrest warrant. They had at least four other addresses for the arrestee. At 522 West Venango Street, they found a building with several separately secured apartments. They knocked at the entrance to each unit, announced they were police and had a warrant, and directed the occupants to open the door.

None of the evidence adduced shows that the police had probable cause to believe that the subject of the arrest warrant resided in the first-floor rear apartment. *See Steagald v. United States,* 451 U.S. 204, 212, 101 S.Ct. 1642, 1648, 68 L.Ed.2d 38 (1981) (an arrest warrant does not give police the "legal authority to enter the home of a third person based on [the police's] belief that [the subject of the arrest warrant] might be a guest there"). *See also* W. LaFave, Searches and Seizures § 6.1(a) at 563 (2d ed. 1987) ("When ... a warrant is needed to enter a third person's premises, it is a search warrant rather than an arrest warrant which is needed").

In addition, if the police knew or should have known that there were two or more separate dwelling units at 520 West Venango Street, their search pursuant to the arrest warrant was limited to the unit where the subject resided. *See Maryland v. Garrison,* 480 U.S. 79, 86 n. 10, 107

S.Ct. 1013, 1018 n. 10, 94 L.Ed.2d 72 (1987); *United States v. Bedford,* 519 F.2d 650, 655 (3d Cir.1975), *cert. denied,* 424 U.S. 917, 96 S.Ct. 1120, 47 L.Ed.2d 323 (1976) ("[A] search warrant directed against an apartment house will usually be held invalid if it fails to describe the particular apartment to be searched with sufficient definiteness to preclude a search of other units located in the building and occupied by innocent persons"). *See also United States v. Higgins,* 428 F.2d 232, 235 (7th Cir.1970) ("[A] warrant which describes an entire building when cause is shown for searching only one apartment is void"). If the facts are as presented, the government may not be able to succeed on the theory of exigent circumstances or plain view to justify the forced entry into and search of the apartment. *See United States v. Duchi,* 906 F.2d 1278, 1284 (8th Cir.1990) ("There is no question that the deliberate creation of urgent circumstances is unacceptable"); *United States v. Thompson,* 700 F.2d 944, 950 (5th Cir.1983) ("The agents cannot justify their search on the basis of exigent circumstances of their own making").

**9.** The government must prove risk of flight by a preponderance of the evidence and danger to the community by clear and convincing evidence. 18 U.S.C. § 3142(f). *See United States v. Himler,* 797 F.2d 156, 160–61 (3d Cir.1986); *United States v. Rodgers,* 738 F.Supp. 156, 157 (E.D.Pa.1990).

4. The offenses charged and the circumstances of their commission—including the presence of two semi-automatic pistols—suggest that defendants would pose a danger to others if released.

5. Defendants are Dominican nationals who claim to be permanent resident aliens residing in New York City. They are unemployed. They appear to have numerous family ties in New York, but none here. *See United States v. Delker,* 757 F.2d 1390, 1396 (3d Cir.1985) (factors relevant to risk of flight inquiry).

6. Defendants Jose Acosta and Martha Ovalle appear to have rented the apartment at 522 West Venango Street using aliases.

7. The government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure defendants' appearances and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

Accordingly, defendants will be committed to the custody of the Attorney General, or designated representative, for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2). Defendants shall be afforded a reasonable opportunity for private consultation with defense counsel. 18 U.S.C. § 3142(i)(3).

The government is directed to exert every effort to proceed with charges this week so defendants may file a suppression motion forthwith.[10]

---

**10.** If, as defendants argue, § 3142(g)(2) were limited to only the weight of admissible evidence, then in all likelihood, defendants would be eligible for conditions of release similar to those imposed by the magistrate judge.