UNITED STATES of America

v.

Jorge MARTINEZ–LEON.

Case No. 08–1024M.

United States District Court,
C.D. California.

July 2, 2008.

Priya Sopori, AUSA, Joseph N. Akrotirianakis, AUSA, for United States of America.

Michael V. Schafler, DPPD, for Jorge Martinez–Leon.

## PROCEEDINGS: ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On May 22, 2008, defendant filed a written notice of motion to suppress evidence adduced at defendant's identity hearing, a supporting memorandum of points and authorities, and the supporting declaration of Michael V. Schafler with exhibits, and on June 6, 2008, the Government filed its opposition to defendant's motion. On June 13, 2008, defendant filed his reply.[1] Oral

---

1. The defendant attached to his reply the declaration of Alonso Garcia. However, this Court has not considered this improperly presented evidence. *See, e.g., Roth v. BASF Corp.*, 2008 WL 2148803, *3 (W.D.Wash.) ("It is not acceptable legal practice to present new

argument was held before the Court on July 2, 2008, with defendant present and the above referenced counsel appearing.

## BACKGROUND

On September 26, 2007, in United States District Court for the Eastern District of Pennsylvania case number CR 06–0537– BWK, the Government filed a Second Superseding Indictment ("Indictment") charging eight defendants, including Jorge Martinez–Leon, with one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (count 1) and one count of knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841 and aiding and abetting possession with intent to distribute in violation of 18 U.S.C. § 2 (count 2), and providing a notice of forfeiture.[2] On September 26, 2007, the District Court for the Eastern District of Pennsylvania issued a warrant for defendant's arrest on the Indictment, and Magistrate Judge L. Felipe Restrepo set defendant's bail at "$0."

On April 24, 2008, defendant was arrested in this judicial district, and on April 25, 2008, he appeared before this Court. At defendant's initial appearance on April 25, 2008, defendant admitted his name is Jorge Martinez–Leon, the Court found defendant financially eligible for appointed counsel and appointed Michael V. Schafler of the Federal Public Defender's Office to represent defendant, and the Court held a detention hearing and granted the Government's request for detention under 18 U.S.C. § 3142(e). On May 7, 2008, this Court held a review of its detention decision, and denied defendant's request for review or release on bond.

On May 7, 2008, this Court also held an identity hearing pursuant to Fed. R.Crim.P. 5(c)(3)(D)(ii). Steven Norkus III, an agent with the Drug Enforcement Administration, was the only witness to testify at the identity hearing. *See* Declaration of Michael V. Schafler ("Schafler Decl."), Exh. B at 32:19–64:20. Mr. Norkus testified that, as part of "Operation Truckstop," he was investigating a large scale drug trafficking organization utilizing commercial tractor trailers to transport drugs all over the United States, and, as such, in 2005 and 2006, he surveilled various individuals, including defendant. *Id.* at 34:1–11. Mr. Norkus specifically testified he watched defendant on three occasions in Los Angeles: (1) June 27, 2005, *id.* at 40:7–20, 51:13–55:4; (2) February 10, 2006, *id.* at 40:23–41:7, 42:3–11, 56:10– 58:6;[3] and (3) April 6, 2006, when defendant "was coming out of the apartment complex" and was within two to three feet of him. *Id.* at 42:16–43:15, 59:21–60:24.

evidence or new argument in a reply brief...."); *Contratto v. Ethicon, Inc.,* 227 F.R.D. 304, 308–09 n. 5 (N.D.Cal.2005) ("Defendants' attempt to introduce new evidence in connection with their reply papers is improper."); *The Nautilus Group, Inc. v. Icon Health & Fitness, Inc.,* 308 F.Supp.2d 1208, 1214 (W.D.Wash.2003) (striking declaration with new evidence submitted in reply), *affirmed by, The Nautilus Group, Inc. v. Icon Health & Fitness, Inc.,* 372 F.3d 1330 (Fed. Cir.2004); *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 682 (S.D.Cal.1999) ("It is well accepted that raising of new issues and submission of new facts in reply brief is improp-

er." (internal quotation marks omitted)). Moreover, even if the Court were to consider the declaration, such evidence is simply not relevant to the factors on which the Court based its decision, as set forth herein.

2. Pursuant to Fed.R.Evid. 201, this Court takes judicial notice of the documents from Eastern District of Pennsylvania case number CR 06–0537–BWK.

3. On cross-examination, Mr. Norkus also testified he conducted surveillance of defendant on February 14, 2006. Schafler Decl., Exh. B at 58:6–25.

Additionally, Mr. Norkus testified he reviewed defendant's California driver's license photograph (Exhibit 2) before defendant was arrested. *Id.* at 44:4–14.

On cross-examination Mr. Norkus stated that he and a couple of other law enforcement agents visited the Metropolitan Detention Center ("MDC") earlier in the week of May 7, 2008, to see defendant. *Id.* at 44:25–46:2. Prior to doing that, he "specifically ask[ed] the AUSA if [he] would need to have [defense counsel] present, and they [sic] said, no, it won't be necessary." *Id.* at 46:9–47:3. The MDC officials brought defendant to a room where Mr. Norkus observed him from approximately two to three feet away; however, no conversation took place. *Id.* at 47:9–49:23. Mr. Norkus further stated that "when [he] went to MDC, [he] had already recognized the defendant based on his driver's license photo which [he] had ... before [he] went to MDC[.]" *Id.* at 63:25–64:3.

## DISCUSSION

### I

Rule 5 of the Federal Rules of Criminal Procedure addresses the proper procedures to apply if "the defendant [i]s arrested in a district other than where the offense was allegedly committed...." Fed. R.Crim.P. 5(c)(2). For instance, Rule 5(c)(3) provides, in pertinent part, that when, as here,

> [the defendant's] initial appearance occurs in a district other than where the offense was allegedly committed, the following procedures apply:
>
> * * *
>
> (C) the magistrate judge must conduct a preliminary hearing if required by Rule 5.1; [ [4] ] [and]
>
> (D) the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if:
>
> > (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic format of either; and
> >
> > (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant....
>
> * * *

Fed.R.Crim.P. 5(c)(3) (footnote added).

Since an indictment has already issued against defendant, the only issue before this Court is defendant's identity. Fed. R.Crim.P. 5(c)(3)(C-D); Fed.R.Crim.P. 5.1(a)(2); *see also United States v. Green,* 499 F.2d 538, 540–41 (D.C.Cir.1974) ("[W]here, as here, the prosecution is by

---

**4.** Rule 5.1, which sets forth the requirements of a preliminary hearing, provides:

> (a) ... If a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing unless:
> (1) the defendant waives the hearing;
> (2) the defendant is indicted;
> (3) the government files an information under Rule 7(b) charging the defendant with a felony;
> (4) the government files an information charging the defendant with a misdemeanor; or

> (5) the defendant is charged with a misdemeanor and consents to trial before a magistrate judge.

Fed.R.Crim.P. 5.1(a). Rule 5.1 further provides:

> At the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence but may not object to evidence on the ground that it was unlawfully acquired. If the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings.

Fed.R.Crim.P. 5.1(e).

indictment, 'probable cause is (already) established, beyond the (purview) of judicial review, by the grand jury's return of the indictment.'" (footnote omitted)). At his initial appearance, defendant admitted his true and correct name is Jorge Martinez–Leon, *see* Schafler Decl., Exh. B at 33:3–14, which creates a presumption of identity.[5] *See*, e.g., *Smith v. United States*, 92 F.2d 460, 461 (9th Cir.1937) ("An identity of names is sufficient to create an inference of identity which the [defendant] must rebut."); *Charlie Wong v. Esola*, 6 F.2d 828, 829 (9th Cir.1925) ("An inference of identity of person may be drawn from identity of name."). As discussed below, "[n]ot only has [defendant] not rebutted the inference in this case, but the testimony of [Mr. Norkus] ... strengthens the inference...." *Smith*, 92 F.2d at 461.

At the identity hearing, Mr. Norkus testified: he surveilled the defendants named in the Indictment on three occasions in 2005 and 2006, including one time when he was face to face for ten to twelve seconds with defendant, and they passed within two to three feet of each other; a traffic stop was made of one of the individuals he surveilled, and he obtained a copy of the California driver's license of that person— Jorge Martinez–Leon; he reviewed the California driver's license photograph prior to defendant's arrest, and defendant is the person depicted in that photograph; and defendant is the same individual he surveilled in 2005 and 2006, who is the individual in the Indictment named Jorge Martinez–Leon. Based on this credible evidence, the Government has demonstrated defendant is the individual identified as Jorge Martinez–Leon in the Indictment. *United States v. Whitehurst*, 116 F.R.D. 511, 513–14 (D.Minn.1987); *United States*

*v. Johnson*, 45 F.R.D. 427, 428–29 (D.Nev. 1968).

## II

 The defendant argues, however, that this Court should suppress Mr. Norkus's identification of him because Mr. Norkus violated his Sixth Amendment right to counsel when he and two other law enforcement agents went to MDC and "conduct[ed] a highly-suggestive, corporeal identification of [defendant]" without the knowledge of defendant's counsel. Motion to Suppress at 3:14–4:11. Yet, defendant cites no applicable authority to support his motion to suppress, or to strike, the testimony of Mr. Norkus, and concedes there likely is none. *See* Reply at 9:15–19 ("The government correctly notes that Mr. Martinez Leon was not able to locate any case law applying the Sixth Amendment right to counsel in the context of an identity hearing. And, based on the fact that the government was not able to find any such case law either, it is likely that there is none.").

On the other hand, the Government contends this Court cannot address defendant's motion to suppress because Fed. R.Crim.P. Rule 5.1(e) provides that "[a]t the preliminary hearing, the defendant ... may not object to evidence on the ground that it was unlawfully acquired." *See* Opposition at 11:22–12:13. Although the Court conducted only a limited identity hearing under Fed.R.Crim.P. 5(c)(3)(D), where the sole issue is whether the Government has established identity, rather than a more expansive preliminary hearing addressing probable cause under Fed. R.Crim.P. 5.1, the Government is correct. All federal courts have resisted the attempts by defendants in an identity/remov-

---

**5.** The Court rejects defendant's argument that his name is not identical to the individual named Jose Martinez–Leon in the Indictment

because he does not have a hyphen between Martinez and Leon.

al hearing to challenge the manner in which evidence against them was obtained. Thus, for instance, in *Giordenello v. United States*, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), the Supreme Court held that the judge conducting the preliminary hearing "had no authority to adjudicate the admissibility at [defendant's] later trial of the heroin taken from his person. That issue was for the trial court." *Id.* at 484, 78 S.Ct. at 1249; *see also United States v. Blue*, 384 U.S. 251, 255 & n. 13, 86 S.Ct. 1416, 1419 & n. 13, 16 L.Ed.2d 510 (1966) ("On the merits, we do not believe that the District Court should have dismissed the indictment.... [¶] Even if we assume that the Government did acquire incriminating evidence in violation of the Fifth Amendment, [defendant] would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him **at trial.**" (emphasis added; footnoted omitted)); *United States v. Acosta*, 769 F.Supp. 184, 186 (E.D.Pa.1991) ("[T]he magistrate judge or other judicial officer does not have the authority to consider suppression issues at the preliminary examination."). Similarly, in *Vazquez v. United States Dist. Court for the Dist. of Nev.*, 572 F.2d 697 (9th Cir.1978), the Ninth Circuit Court of Appeals refused to allow a defendant resisting his removal under former Fed.R.Crim.P. 40 [6] to file a motion to suppress challenging the legality of wiretaps. *Id.* at 697. Likewise, the District of Columbia Circuit Court of Appeals refused to allow two defendants to challenge their removal by seeking to dismiss their prosecution because they were allegedly denied due process of law and their Sixth Amendment right to a speedy trial. *Green*, 499 F.2d at 540–41. In reaching this conclusion, the appellate court stated:

A contrary [rule] would threaten consequences seriously adverse to the orderly administration of criminal justice, not the least of which is potential frustration of the unequivocal objective of [the removal rule] to avoid delay in bringing arrestees to trial. The full panoply of defenses is, of course, available to the arrestee in the transferee court, and any inconvenience incidental to assertion of defenses there is simply unavoidable.

*Id.* at 541 (footnotes omitted).

■ This Court agrees with the rationale proffered by the District of Columbia Circuit Court of Appeals. The proper forum for defendant to challenge any violation of his Sixth Amendment rights is before the trial court in the Eastern District of Pennsylvania. *Green*, 499 F.2d at 541; *see also* Advisory committee Notes to 1972 Addition of Rule 5.1 ("Allowing objections to evidence on the ground that evidence has been illegally obtained would require two determinations of admissibility, one before the United States magistrate and one in the district court. The objective is to reduce, not increase, the number of preliminary motions. [¶] ... The fact that a defendant is not entitled to object [at the preliminary hearing] to evidence alleged to have been illegally obtained does not deprive him of an opportunity for a pretrial determination of the admissibility of evidence. He can raise such an objection prior to trial in accordance with the provisions of [R]ule 12.").

### ORDER

For all these reasons, defendant's motion to suppress evidence at the identity hearing **IS DENIED.**

---

**6.** Effective December 1, 2002, the substance of former Rule 40(a) was moved to Rules 5 and 5.1. *See* Advisory Committee Notes to 2002 Amendments to Fed.R.Crim.P. 40.