NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2010[*]
Decided February 4, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-3115

| | |
|---|---|
| GARY B. WILLIAMS, | Appeal from the United States |
|     *Petitioner-Appellant*, | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | |
| | No. 09 C 1509 |
| JOHN R. HACKMAN,[**] | |
| United States Marshal, | Ruben Castillo, |
| Eastern District of Virginia | *Judge.* |
|     *Respondent-Appellee*. | |

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

[**]John Hackman, the United States Marshal for the Eastern District of Virginia, is substituted for Eric Wilson as respondent. *See* FED. R. APP. P. 23(a); *United States v. Turner*, 569 F.3d 637, 642 (7th Cir.), *cert. denied*, 130 S. Ct. 654 (2009) .

**O R D E R**

Gary Williams, a federal pretrial detainee, filed an amended petition for a writ of habeas corpus, 28 U.S.C. § 2241, claiming that his continued confinement violates his statutory right to a speedy trial. Williams filed his petition in the Northern District of Illinois while confined temporarily in Chicago, but the underlying prosecution is in the Eastern District of Virginia. He seeks dismissal of the indictment. The district court denied the petition without prejudice to Williams seeking relief in the district where the prosecution is pending.

Even though Williams mentions the Sixth Amendment in his appellate brief, his petition was premised entirely on the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74. By failing to develop a constitutional argument, Williams waived any Sixth Amendment claim. *See United States v. Loera*, 565 F.3d 406, 412 (7th Cir.), *cert. denied*, 130 S. Ct. 654 (2009). As for the statutory claim, the Speedy Trial Act allows dismissal of an indictment if the time constraints of the Act are not followed, 18 U.S.C. § 3162(a)(2); *United States v. Gearhart*, 576 F.3d 459, 462 (7th Cir. 2009), but a district court in Chicago has no authority to dismiss an indictment pending in another district, *see United States v. Green*, 499 F.2d 538, 539 (D.C. Cir. 1974). In any event, a federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case. *See Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (stating that federal defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (same). Accordingly, the dismissal of Williams's petition is AFFIRMED.